# Polley v. Fortenberry et al.

(Decided May 4, 1937.)

J. M. RAYBURN for appellant.

VERT C. FRASER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Bethel Polley brought this action against the members of the board of education of Webster county to compel them to permit him to exercise the duties of a member of the board. He appeals from an adverse judgment.

Briefly stated the facts pleaded are as follows: Appellant was elected a member of the county board of education at the regular November, 1935, election and qualified and entered upon the duties of his office on the first Monday in January, 1936. On June 25, 1936, appellant was employed by the state highway department of Kentucky as supervisor of maintenance of state-maintained roads for Union, Henderson, McLean, and Webster counties, and is now so employed. On October 3, 1936, the board of education of Webster county entered an order declaring appellant ineligible to serve on the board because of his employment as a maintenance supervisor for the state highway department, and further declaring a vacancy until the matter was cleared up. On December 5, 1936, he met with the board and requested that he be recognized as a member, but the request was refused. At the same meeting Roy Newton was elected to fill the vacancy. Appellant's duties as maintenance supervisor consisted of carrying out instructions of his superiors, in observing the work, and seeing and reporting that the work is done and performed in accordance with the directions of the engineers, and in reporting to the engineer of the district any defect needing attention, or any failure to use materials or supplies in accordance with the direction of the engineers. There is also a stipulation that appellant is subject to removal at the pleasure of the highway commissioner, that he is paid a regular monthly salary by the highway commission, that this is paid without regard to the specific number of hours actually given to the duties, that he uses his judgment as to what portion of the district he is in on any particular day, that he was furnished an automobile by the state highway commission for use in his work, and the expense of the car was paid by the commission, etc.

Under the statute the acceptance by one in office of another office or employment incompatible with the one he holds operates to vacate the first. Section 3744, Kentucky Statutes. It follows that the action of the county board of education in declaring a vacancy, and electing

a successor to appellant, was proper, if the position of maintenance supervisor for the state highway department is incompatible with the office of member of the board.

Section 165 of the Constitution reads:

"No person shall, at the same time, be a state officer or a deputy officer, or a member of the general assembly, and an officer of any county, city, town, or other municipality, or any employee thereof; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities, except as may be otherwise provided in this Constitution; but a notary public, or an officer of the militia, shall not be ineligible to hold any other office mentioned in this section."

Section 3746, Kentucky Statutes, reads:

"The offices of justice of the peace, county judge, surveyor, sheriff, deputy sheriff, coroner, constable, jailer, assessor, marshal of a town, and clerk or deputy clerk of a court, shall be deemed incompatible, the one with either of the others; and the office of county judge and school superintendent are incompatible. Nor shall any person, at the same time, be a state officer or a deputy officer, or member of the general assembly, and an officer of any county, city, town, or other municipality, or an employee thereof. And no person shall, at the same time, fill two municipal offices, either in the same or different municipalities; nor shall any person, at the same time, fill a municipal office and a county office."

Much of the briefs is taken up with the discussion of the question, whether the position held by appellant under the state highway department is an office, or mere employment, but in view of the conclusion of the court it is unnecessary to decide that question. A careful reading and analysis of both the constitutional provision and the statute will show that neither prohibits one from holding two state offices or employments at the same time. Coleman v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133. A member of the county board of education is a state officer, Middleton v. Middleton, 239 Ky. 759, 40 S. W. (2d) 311; Board of Trustees of Fairview Graded Com-

mon School District v. Renfroe, 259 Ky. 644, 83 S. W. (2d) 27; and a maintenance supervisor is either a state officer or a state employee. The two employments not being incompatible under the Constitution or statute, the case turns on whether the two offices or employments are incompatible under the common law. As said in Barkley v. Stockdell, 252 Ky. 1, 66 S. W. (2d) 43, 44:

"Aside from any specific constitutional or statutory prohibitions, incompatibility depends on the character and relation of the offices and not on the matter of physical inability to discharge the duties of both of them. The question is whether one office is subordinated to the other, or the performance of one interferes with the performance of the duties of the other, or whether the functions of the two are inherently inconsistent or repugnant, or whether the occupancy of both offices is detrimental to the public interest."

Neither the position of maintenance supervisor nor the office of member of the county board of education is subordinate to the other, or of the kind that one filling one position will have to pass upon the validity of his acts in the other position. A member of the county board is not regularly employed, but meets with the other members only now and then. Clearly, the functions of the two positions are not inherently inconsistent or repugnant, nor can it be said that the occupancy by one of both offices is detrimental to the public interest. We are therefore constrained to the view that, whether the position of maintenance supervisor be an office or mere employment, the position is not incompatible with the office of member of the county board of education.

But it is argued that, under section 4399-22, Kentucky Statutes, prescribing the qualifications of members of the board of education, appellant is not eligible to continue in the office. The language relied on is:

"He must not hold or discharge the duties of any civil or political office, deputyship or agency under the city or county of his residence."

It is at once apparent that the case does not fall within the statute, as the quoted language does not deal with civil or political offices, deputyships or agencies under the state, but only with civil or political offices,

deputyships, or agencies under the city or county of the member's residence, and the position of maintenance supervisor is not of that character.

It follows that appellant's acceptance of the position of maintenance supervisor did not operate to vacate the office of member of the board, and that the chancellor erred in so holding.

Judgment reversed, and cause remanded with directions to award appellant a writ of mandamus requiring the members of the county board of education to permit him to exercise the duties of a member of that body.