LaGRANGE CITY COUNCIL, Harvey Lee Bannister, James Beaumont, Ann Brown, Elsie Carter, Sam Finley, Robert Hampton, Forrest Hoffman, Beverly McCombs, Deborah Pollard, and Nancy Steele, Appellants,

v.

HALL BROTHERS COMPANY OF OLDHAM COUNTY, INC.; Fielder and Associates, Inc.; and Oldham County Planning and Zoning Commission, Appellees.

No. 1998–CA–000181–MR.

Court of Appeals of Kentucky.

Oct. 8, 1999.

766

R. Kent Westberry, Melanie Straw–Boone, Landrum & Shouse, Louisville, Robert Watson, Louisville, Fonda McClellan, LaGrange City Attorney, LaGrange, for Appellant LaGrange City Council, et al.

William P. Croley, Croley, Moore & Snell, PSC, LaGrange, for Appellees Hall Brothers Co. of Oldham County, Inc., et al.

Before: BUCKINGHAM, HUDDLESTON, and KNOPF, Judges.

*OPINION*

KNOPF, Judge:

This is an appeal from Findings of Fact, Conclusions of Law and Orders by the Oldham Circuit Court holding invalid the vote by the City Council to overturn the recommendation of the Planning Commission to approve a proposed map amendment. Finding no error, we affirm.

The facts of this action are not in dispute. The appellees, Hall Brothers Company of Oldham County, Inc. (Hall Brothers), owned a tract of land on the north side of Jericho Road in LaGrange, Kentucky (the subject property). LaGrange is a fourth class city located in Oldham County. KRS 81.010(4). The subject property was at all relevant times zoned I–1 (Industrial). In 1995, Hall Brothers submitted to the Oldham County Planning and Zoning Commission (the Planning Commission) an application to change the zoning classification of the subject property to R–4 (Residential).

The Planning Commission held a full hearing on Hall Brothers' application on June 27, 1995. One (1) of the members of the Planning Commission, Forrest Hoffman, was a member of both the Planning Commission and the LaGrange City Council (the City Council). Although Commissioner Hoffman participated in the hearing and asked several questions, he abstained from the Planning Commission's vote on whether to recommend the zoning change to the City Council. Following the hearing, the Planning Commission voted ten (10) to zero (0) (with one (1) abstention) to recommend the zoning change.

On August 7, 1995, the matter came before the City Council. The City Council is composed of eight (8) members. At the conclusion of the City Council's hearing, council member Elsie Carter made the motion to override the recommendation of the Planning Commission. Council member Hoffman seconded the motion. The vote on the motion to overturn the Planning Commission's recommendation resulted in a four to four tie. As a result of the tie vote, LaGrange Mayor Nancy Steele cast a vote to break the tie pursuant to KRS 83A.130(5) voting to override the Planning Commission's recommendation.

Hall Brothers filed an appeal of the City Council's decision to the Oldham Circuit Court pursuant to KRS 100.347. The circuit court found that Council Member Hoffman's participation as a member of the Planning Commission constituted a conflict of interest that rendered incompatible his simultaneous service in both offices. Because Council Member Hoffman's vote was improperly cast, the trial

court concluded that a majority of the entire City Council did not vote to override the Planning Commission's recommendation as required by KRS 100.211(1). At the request of both parties, the trial court entered a subsequent order also finding that a mayor's statutory authority to vote in case of a tie does not apply to zoning matters under KRS Chapter 100. *Citing Hacker v. Baesler,* Ky., 812 S.W.2d 706 (1991). This appeal followed.

There are two (2) issues presented in this appeal: (1) whether Council Member Hoffman's membership on both the Planning Commission and the City Council and his participation in the proceedings before both bodies violated Hall Brothers' due process rights; and (2) whether a mayor in a mayor-council form of government may cast a deciding vote in case of a tie in matters involving zoning changes. However, the underlying basis for each issue is the same. KRS 100.211 requires a *"majority of the entire legislative body ... to override the recommendation of the planning commission."* (Emphasis added.) Both issues raised by Hall Brothers in this case deal with whether a valid majority of the entire City Council voted to overturn the Planning Commission's recommendation.

Consequently, a resolution of the first issue precludes consideration of the second issue. If Council Member Forrest Hoffman was ineligible to vote on the matter due to his membership on the Planning Commission, then a majority of the entire LaGrange City Council did not vote to overturn the Planning Commission. The mayor's authority to cast a tie-breaking vote would not be relevant because there was no tie for the mayor to break.

The City Council first argues that the trial court erred in finding Council Member Hoffman's vote invalid due to a conflict of interest. The trial court specifically found:

The Court makes the finding that neither KRS 61.080 nor Article 165 of the Kentucky Constitution makes the posi-

tions of County Planning and Zoning Commissioner and City Counsel [sic] member incompatible. However, conflicting concerns do arise and in this situation Forrest Hoffman, as a member of the Commission, participated as a counsel [sic] person in a review of the Commission's previous decision and for which he was then an active member. This Court makes the Finding that such participation is contrary to public policy and for a participating member of the Commission to act as a trier of fact and as a participating Counsel [sic] member which ultimately reviewed the previous decision. The same violates the Petitioner's right to due process and decisions by an unbiased body.

■ The question thus presented is whether an individual's membership on both a local legislative body and a county planning commission are incompatible as a matter of law. This is an issue of first impression in the Courts of this Commonwealth. As a preliminary matter, we note our agreement with the analysis in the Attorney General Opinions 66–586 and 71–204. Therein the Attorney General concluded that KRS Chapter 100 authorizes the appointment of serving public officials to a planning commission. KRS 100.133 provides that a planning commission shall consist of at least five (5) but not more than twenty (20) members. KRS 100.133(2). At least two-thirds (⅔) of the members must be "citizen members." A "citizen member" is a member who is not an elected or appointed official or employee of the city or county." KRS 100.111(4). The statute would thus seem to permit one-third (⅓) of the planning commission to be public officials. Indeed, KRS 100.143 provides that the "term of office of all elected public officials appointed to a planning commission shall be the same as their official tenure in office." Since the statutes clearly allow public officials to be appointed to a planning commission, we find that the statute creating the planning commission does not prohibit appointment

of city council members to a planning commission.

■ Nonetheless, the implied statutory authority to appoint "public officials" to county planning commissions does not end the inquiry. The Kentucky Constitution does not permit the same person to fill two (2) incompatible offices at the same time. *Rash v. Louisville & Jefferson County Metropolitan Sewer District*, 309 Ky. 442, 217 S.W.2d 232, 236 (1949). Kentucky courts have recognized two (2) kinds of incompatibility between offices. The first is a constitutional or statutory incompatibility, which is one so declared by the Constitution or legislative enactment. *Knuckles v. Board of Education of Bell County*, 272 Ky. 431, 114 S.W.2d 511 (1938). Section 165 of the Kentucky Constitution delineates the scope of constitutional incompatibility as follows:

No person shall, at the same time, be a state officer or a deputy officer or member of the General Assembly, and an officer of any county, city, town or other municipality, or an employee thereof; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities, except as may be otherwise provided in this Constitution; but a Notary Public, or an officer of the militia, shall not be ineligible to hold any other office mentioned.

In addition, the General Assembly has set forth its construction of *Ky. Const.* § 165 in KRS 61.080, declaring which offices it deems incompatible. *O'Mara v. Town of Mt. Vernon*, 299 Ky. 401, 185 S.W.2d 675, 679 (1945). KRS 61.080 provides as follows:

(1) No person shall, at the same time, be a state officer, a deputy state officer or a member of the General Assembly, and an officer of any county, city or other municipality, or an employee thereof.

(2) The offices of justice of the peace, county judge/executive, surveyor, sheriff, deputy sheriff, coroner, constable, jailer and clerk or deputy clerk of a court, shall be incompatible, the one (1) with any of the others. The office of county judge/executive and county school superintendent are incompatible.

(3) No person shall, at the same time, fill a county office and a municipal office.

(4) No person shall, at the same time, fill two (2) municipal offices, either in the same or different municipalities.

(5) The following offices shall be incompatible with any other public office:

(a) Member of the Public Service Commission of Kentucky;

(b) Member of the Workmen's Compensation Board;

(c) Commissioner of the fiscal court in counties containing a city of the first class;

(d) County indexer;

(e) Member of the legislative body of cities of the first class;

(f) Mayor and member of the legislative body in cities of the second class; and

(g) Mayor and member of council in cities of the fourth class.

(6) No office in the Kentucky active militia shall be incompatible with any civil office in the Commonwealth, either state, county, district or city.

■ The constitutional and statutory enumerations of incompatible offices are not the exclusive instances of incompatibility. *Knuckles*, 114 S.W.2d at 511. The second type of incompatibility between offices is a common-law or functional incompatibility, which is declared by courts without the aid of specific constitutional or statutory prohibition when the two offices are inherently inconsistent or repugnant, or when the occupancy of the two offices is detrimental to the public interest. *Polley v. Fortenberry*, 268 Ky. 369, 105 S.W.2d 143, 144–45 (1937); *Barkley v. Stockdell*, 252 Ky. 1, 66 S.W.2d 43, 44 (1933). Functional incompatibility depends on the character and relation of the offices and not on the matter of physical inability to discharge the duties of both of them. The

question is whether one office is subordinated to the other, or whether the functions of the two are inherently inconsistent or repugnant, or whether the occupancy of both offices is detrimental to the public interest. *Id.*

The policy behind both types of incompatibility of offices recognizes that it is the duty of a public officer or servant to discharge his or her duties uninfluenced by the duties and obligations of another office. *Rash,* 217 S.W.2d at 236–37. In the present case, Hoffman's membership on both the City Council and the Planning Commission appears to violate KRS 61.080(5)(g). Furthermore, we agree with the trial court that his concurrent occupancy of both positions is improper because the positions are functionally incompatible.

Two (2) offices or positions are incompatible whenever one has the power of appointment to or removal from the other and whenever there are any potential conflicts of interest between the two (2), such as salary negotiations, supervision and control of duties, and obligations to the public to exercise independent judgment.[1] The functions of county planning commissions and local legislative bodies are inherently related with respect to zoning matters. Applications for zoning map amendments are made directly to the planning commission. The planning commission shall then hold at least one (1) public hearing on the application, and make findings of fact and a recommendation whether to approve the proposed map amendment. KRS 100.211(1). The local legislative body (the City Council in this case) possesses the ultimate authority to approve or deny the map amendment.[2] Although the City Council's relationship to the Planning Commission is not directly supervisory, the City Council's authority to review recommendations made by the Planning Commission is directly related to the functioning of the Planning Commission.

Furthermore, in rezoning cases, both the Planning Commission and the City Council function in an adjudicatory role and each must act in accordance with the basic principles of due process which are applicable generally. *City of Louisville v. McDonald,* Ky., 470 S.W.2d 173, 177–78(1971). The assignment of investigatory

---

1. This is consistent with the common-law rule which makes offices incompatible where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other. Recent examples of the application of this rule in other jurisdictions include: *Macomb County Prosecutor v. Murphy,* 233 Mich. App. 372, 380, 592 N.W.2d 745, 748 (1999)(Concurrent service as township trustee and county delinquent property tax coordinator held incompatible); *City of Sturgis v. Koch,* 583 N.W.2d 170 (S.D.1998)(Simultaneous service as city council member, reserve police chief and assistant fire chief held incompatible); *Thompson v. Roberts,* 333 Ark. 544, 970 S.W.2d 239 (1998) (Dual service as mayor and city bookkeeper held incompatible); *People ex rel. Deputy Sheriffs' Association of Santa Clara County, Inc. v. County of Santa Clara,* 49 Cal.App.4th 1471, 57 Cal. Rptr.2d 322 (1996)(Positions of chief probation officer and director of department of corrections held incompatible); *Dupras v. County of Clinton,* 213 A.D.2d 952, 624 N.Y.S.2d 309 (1995)(Positions of senior clerk in county board of elections and member of county legislature held incompatible); *Shepherd v. Platt,* 177 Ariz. 63, 865 P.2d 107 (Ariz.Ct.App.1993)(Simultaneous service as member of Indian tribal council and county board of supervisors held not incompatible); *Scannapieco v. Abate,* 258 N.J.Super. 506, 610 A.2d 432 (1992)(Dual membership on planning board and regional utility authority held incompatible); and *State ex rel. Vana v. Maple Heights City Council,* 54 Ohio St.3d 91, 561 N.E.2d 909 (1990) (Election to city council held incompatible with other municipal employment).

2. However, the General Assembly has specifically limited the power of local legislative bodies to override a planning commission's recommendation. Thus, if the legislative body fails take valid action within ninety (90) days, the planning commission's recommendation shall be deemed to have passed by operation of law. *Evangelical Lutheran Good Samaritan Society, Inc. v. Albert Oil Co., Inc.,* Ky., 969 S.W.2d 691, 693 (1998).

and adjudicatory authority to a single agency does not violate fundamental fairness or due process. *Withrow v. Larkin,* 421 U.S. 35, 48–52, 95 S.Ct. 1456, 1465–67, 43 L.Ed.2d 712, 724–26 (1975); *Board of Education of Pulaski County v. Burkett,* Ky., 525 S.W.2d 747 (1975). However, we believe that fundamental fairness does not permit the same person to exercise decision-making authority in one capacity and then review the same matter in another capacity. Therefore, we agree with the trial court that both due process and public policy prohibit Council Member Hoffman from serving simultaneously as a member of the City Council and as a member of the Planning Commission.

 In addition, abstaining from any official actions does not remedy a conflict between offices. *See Macomb County Prosecutor v. Murphy,* 233 Mich.App. 372, 380, 592 N.W.2d 745, 748 (1999). Hoffman's decision to abstain from the Planning Commission vote further demonstrates the inherent incompatibility of the two (2) offices. If Hoffman, as a member of the Planning Commission, must abstain from any proceedings which will be forwarded to the City Council, then his membership on the City Council substantially interferes with the performance of his duties as a member of the Planning Commission. If, on the other hand, Hoffman is not required to abstain from voting in matters before the Planning Commission which will be forwarded to the City Council, then his subsequent participation and vote on the same matter before the City Council violates the due process rights of zoning applicants. Consequently we think it is clear that the two offices are functionally incompatible, in that the occupancy of both offices by the same person is detrimental to the public interest. *Adams v. Com. ex rel. Buckman,* Ky., 268 S.W.2d 930, 932 (1954).

By our ruling on this issue, we in no way intend to cast aspersions on Hoffman's integrity in his conduct either as a member of the Planning Commission or of the City Council. There is absolutely no evidence in the record to indicate that Hoffman has any personal or financial interest in the outcome of the vote of the proposed zoning map amendment. Furthermore, Hoffman's decision to abstain from the vote before the Planning Commission demonstrates a desire to avoid any appearance of impropriety. We merely hold that public policy mandates that Hoffman cannot simultaneously hold positions as a member of the City Council and of the Planning Commission.

 Hoffman abstained from the vote before the Planning Commission. Moreover, the Planning Commission unanimously approved the motion to recommend the proposed map amendment. Therefore, Hoffman's participation as a member of the Planning Commission cannot be held to have affected Hall Brothers' due process rights before that body. However, as a member of the City Council, Hoffman voted to overturn the Planning Commission's recommendation, which directly affects Hall Brothers' due process rights. Consequently, we find that Hoffman was disqualified from voting on the matter before the City Council, and his vote on the matter shall not be counted. In the absence of Hoffman's vote, the motion to overrule the Planning Commission's recommendation failed by a margin of 3–4, and the Planning Commission's recommendation is deemed enacted as a matter of law. KRS 100.211(1). Since our ruling on this issue is determinative of the question of whether a tie existed, we need not consider the second question of whether the mayor was eligible to cast a tie-breaking vote.

Accordingly, the judgment of the Oldham Circuit Court is affirmed.

ALL CONCUR.