Dear Representative Dan Boren,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Can a chief, assistant chief, captain, or any other officer of a fire protection district serve on the board of directors for the fire protection district without creating a conflict of interest?
¶ 1 Various common law, statutory[1] and constitutional limitations restrain an individual's ability to hold more than one public office, position or employment. Under common law a general rule has emerged which holds offices are incompatible as a matter of law where "one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."LaGrange City Council v. Hall Bros. Co., 3 S.W.3d 765, 770 n. 1 (Ky.Ct.App. 1999); see Unified Sch. Dist. No. 501 v. Baker,6 P.3d 848, 854-55 (Kan. 2000); see also Thompson v. Roberts,970 S.W.2d 239, 241 (Ark. 1998) (quoting Tappan v. Helena Fed. Sav. Loan Ass'n, 104 S.W.2d 458, 459 (Ark. 1937)) ("[t]he inconsistency, which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."); State v. Villeza,942 P.2d 522, 534 (Haw. 1997) ("If one office is subordinate to the other or the functions of the offices are inherently inconsistent and repugnant to each other, the offices are incompatible."); Townof Littleton v. Taylor, 640 A.2d 780, 782 (N.H. 1994) ("The doctrine bars an individual from holding two offices when one office is subordinate to the other, as the governmental checks and balances are eliminated because an individual is reviewing his or her own work."); Haskins v. Wyoming, 516 P.2d 1171,1181 (Wyo. 1973) (holding "[n]o reasonable argument could be made that the legislature intended to create a situation wherein a school board would be unable to perform its duties as the governing body of the school district."); People ex rel. DeputySheriffs' Ass'n v. County of Santa Clara, 57 Cal. Rptr.2d 322,328 (Cal.Ct.App. 1996) (citation omitted) ("Offices are incompatible `where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent. . . .'"); Otradovec v. City of Green Bay,347 N.W.2d 614, 616 (Wis.Ct.App. 1984) ("It is sufficient that substantial conflicts might arise that would be detrimental to the public.");Rose v. Vill. of Wellsville, 613 N.E.2d 262, 267 (Ohio Ct.App. 1993) ("Over the years, whether two public positions are deemed incompatible has been determined by whether one or both positions are a public `office.'"); Scannapieco v. Abate, 610 A.2d 432,438 (N.J.Super.Ct. Law Div. 1992) (holding that a "Class IV member of the Marlboro Township Planning Board cannot serve simultaneously as a member of the Western Monmouth Utilities Authority"); Rogers v. Vill. of Tinley Park, 451 N.E.2d 1324
(Ill.App.Ct. 1983) (holding a leave of absence does not remove the incompatibility "between offices of elected village trustee and police officer for [the] same village"); but seeCommonwealth v. Lucas, 632 A.2d 868, 870 (Pa. 1993) ("Only the legislature may declare governmental offices incompatible.").
¶ 2 A seminal case is Haskins which addressed an action by other members of a board of trustees of a school district challenging a schoolteacher's right to hold office as a member of the board. Haskins, 516 P.2d at 1171-72; see also UnifiedSch. Dist. No. 501, 6 P.3d at 855 (discussing Haskins);Otradovec, 347 N.W.2d at 616 (citing Haskins); Rogers,451 N.E.2d 1330-31 (quoting Haskins).
¶ 3 The court in Haskins quoted 63 Am. Jur.2d PublicOfficers and Employees, § 74 which states:
 One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, and subject in some degree to the other's revisory power. Thus, two offices are incompatible where the incumbent of the one has the power of appointment to the other office or the power to remove its incumbent, even though the contingency on which the power may be exercised is remote.
 ¶ 4 Haskins, 516 P.2d at 1174. The Wyoming Supreme Court, relying on a line of New Jersey cases, concluded that "it is the incompatibility of the two functions and not the classification as office or an employment that is important." Id. at 1177. The court explained that:
 Subordination is the key word. After considerable research and careful consideration of the reason and basis for the rule against incompatibility, a majority of the Court are convinced that we should not let ourselves be bound by technical definitions of the word office and while we do not say that there may not be cases in which the definition may be important, we think that this case should not turn on that point.
Id. at 1178 (emphasis added). See also Otradovec,347 N.W.2d at 616 ("The common law doctrine of incompatibility extends to positions of public employment as well as public offices.");Rose, 613 N.E.2d at 267 ("A more recent focus has been upon the incompatibility of `functions' and not their designation as public `offices.'").
¶ 5 All of the cases cited above rely on a common law doctrine of incompatibility of offices. The Supreme Court of Oklahoma has acknowledged this doctrine. Wimberly v. Deacon, 144 P.2d 447,453 (Okla. 1943) (finding it "unnecessary to determine whether the two offices [were] incompatible under the common law," the court held both offices were prohibited by the State Constitution). Section 2 of Title 12 of the Oklahoma Statutes provides that "[t]he common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma[.]" Id. See also Wright v. Grove SunNewspaper Co., 873 P.2d 983, 987 (Okla. 1994) ("By the mandate of 12 O.S. 1991 § 2[12-2] the common law remains in full forceunless a statute explicitly provides to the contrary. The common law's legislative abrogation may not be effected by mereimplication."). (Footnote omitted).
¶ 6 Other state courts have found that constitutional and statutory provisions prohibiting dual office holding did not abrogate the common law doctrine of incompatibility. See, e.g.,Haskins, 516 P.2d at 1179 ("[W]hile the legislature intended to permit a qualified exception to conflict of interest prohibitions, it would be an unwarranted construction of the amendatory legislation to hold that it eliminated any question of incompatibility."); Thompson, 970 S.W.2d at 242 ("We also reject Roberts's suggestion that the current statute's omission of a reference to `jobs' is an abrogation of the common law here."); Scannapieco, 610 A.2d at 436 ("Even if Abate is not prohibited from holding both offices under [the statute] he would be under the common-law bar against dual holding of incompatible offices."); LaGrange City Council, 3 S.W.3d at 769 ("The constitutional and statutory enumerations of incompatible offices are not the exclusive instances of incompatibility. The second type of incompatibility between offices is a common-law or functional incompatibility, which is declared by courts without the aid of specific constitutional or statutory prohibition when the two offices are inherently inconsistent or repugnant. . . .") (citation omitted); Unified Sch. Dist., 6 P.3d at 852 ("Our incompatibility of office cases have not drawn an expressiounius inference. . . . Instead, where no applicable statute was found authorizing the person to hold both offices, this court has consistently turned to the common-law doctrine of incompatibility of office."); Reilly v. Ozzard, 166 A.2d 360, 365-66 (N.J. 1960) ("[T]his enactment did not authorize dual officeholding beyond the terms of its interdiction and thus erase the common law doctrine. . . . We can not say the Legislature thereby intended to abolish the common law elsewhere by implication.").
¶ 7 Other provisions, in addition to 2003 Okla. Sess. Laws ch. 387, § 4 (amending 51 O.S. 2001, § 6[51-6]), support the conclusion dictated by application of the common law. Article II, Section 11
of the Oklahoma Constitution requires that "[e]very person elected or appointed to any office or employment of trust or profit under the laws of the State, or under any ordinance of any municipality thereof, shall give personal attention to the duties of the office to which he is elected or appointed." Additionally, an Oklahoma Ethics Commission rule applicable to officers and employees, 74 O.S. 2001, ch. 62, app. 257:20-1-4(c)(2), prohibits any State officer or employee from accepting or soliciting "other employment which would impair his or her independence of judgment in the performance of his or her public duties."
¶ 8 The cases above applying the doctrine of incompatibility make clear that whenever one position, regardless of its denomination as a public "office" or "employment," is subordinate to another, those positions are, as a matter of law, incompatible and thus would impair one's independence of judgment, and prevent a person in any office or employment of trust from giving personal attention to the duties of the office to which he or she is elected or appointed.
¶ 9 As the court explained in Haskins, where a board member assumes an additional post subordinate to the board of which he or she is a member, the "control is real and meaningful, for it affects the very existence of their positions and the emoluments received by them. . . . And this . . . is not only measured by the absence of independence of judgment of the three individuals involved but also by their influence upon each other and their colleagues on the board. . . ." Id. at 1177. LaGrange CityCouncil held that "fundamental fairness does not permit the same person to exercise decision-making authority in one capacity and then review the same matter in another capacity." Id. at 771. Also, Unified School District explained that "[t]his is a clear conflict of interest. . . . Baker is subject to discipline by the Board. She may, under certain circumstances, be fired by it. . . . As Baker discharges her Board duties, her actions, no matter how well-intentioned, will be colored by the conflict inherent in her two positions." Id. at 855. The court observed that "those courts analyzing the issue `uniformly declare that it is inimical to the public interest for one in public employment to be both the employer and the employee or the supervisor and the supervised." Id. (quoting Haskins, 516 P.2d at 1178).
¶ 10 Section 901.7(A)(4) of Title 19 empowers the board of directors of a fire protection district to "[a]ppoint fire company officers and employees, sufficient to maintain and operate the equipment owned by such district" and "[e]mploy such officers and employees as may be required, fix their compensation and prescribe their duties[.]" Id. § 901.7(A)(7). The board of directors of the fire protection district has the power of appointment to, and removal of the incumbent from, the position of the fire chief; thus, the chief is subordinate to the board of directors of the district. Id. Accordingly, it is a conflict of interest for the chief of a fire protection district to serve on the board of directors of that district.
¶ 11 The common law doctrine of incompatibility would also prevent the holders of the other offices in your question, namely the chief, assistant chief, captain, or any other officer of a fire protection district from serving on the board of directors, because the board of directors employs these officers and employees, fixes their compensation and prescribes their duties.See 19 O.S. 2001, § 901.7[19-901.7](A)(7). Additionally, under the analysis above, holding the position of assistant chief, captain, or any other officer of a fire protection district while serving as a member of the board of directors "would impair [the incumbent's] independence of judgment in the performance of his or her public duties" in violation of 74 O.S. 2001, ch. 62, app. 257:20-1-4(c)(2), because the assistant chief, captain, and other officers of the fire protection district would be subordinate to the board of directors of the fire protection district. 19 O.S.2001, § 901.7[19-901.7](A)(7).
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A chief, assistant chief, captain or any other officer of a fire protection district serving on the board of directors for that fire protection district creates a conflict of interest as a matter of law, because holding both positions would violate the common law rule that holds offices are incompatible as a matter of law when one is subordinate to the other. See 19 O.S. 2001, § 901.7[19-901.7] (A)(7); 74 O.S. 2001, ch. 62, app. 257:20-1-4(c)(2).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JOANN T. STEVENSON Assistant Attorney General
[1] One statutory provision prohibiting dual office holding and providing an exemption for chiefs of rural fire districts who are appointed or elected to an unsalaried office is 2003 Okla. Sess. Laws ch. 387, § 4(A)(23) (amending 51 O.S. 2001, § 6[51-6](A)(23)). That statute is inapplicable to your situation because although it exempts from the prohibition against dual office holding chiefs of "rural fire districts who are appointed or elected" to another "unsalaried office," it applies only where the duties of the chief and the other unsalaried office do not otherwise "create a conflict of interest." Id. As discussed in this Opinion, the duties of the chief of a rural fire district, as well as those of the assistant chief, captain, or any other officers do create a conflict of interest that prevents them from serving on the board of directors. Therefore, the exemption for dual office holding is inapplicable here.