William WEBB, Appellant,

v.

CARTER COUNTY FISCAL COURT and Alice Joy Binion, County Judge Executive, Appellees.

No. 2004–CA–000486–MR.

Court of Appeals of Kentucky.

May 27, 2005.

W. Jeffrey Scott, Grayson, KY, for appellant.

Michael B. Fox, Grayson, KY, for appellees.

Before COMBS, Chief Judge; MINTON, Judge; MILLER, Senior Judge.[1]

## OPINION

COMBS, Chief Judge.

William Webb appeals from a judgment of the Carter Circuit Court that found a conflict of interest in his elected position as county magistrate and his simultaneous employment with the county road department. It determined the conflict of interest to be of sufficient magnitude and character to prevent his continued service as a county employee. We affirm.

Webb was employed by Carter County from April 15, 1972, until January 1999. During this period of time, he worked as a heavy equipment operator, a truck driver, and an assistant foreman of the county road department. In November 1998, he was elected county magistrate and took office in January 1999.

On January 4, 1999, the fiscal court held its first meeting with its newly elected

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

members. At this meeting, the Carter County Judge/Executive, Alice Joy Binion, presented a list of nominees to be considered for county personnel positions.[2] Webb was not nominated for continued employment with the county road department. The fiscal court approved Binion's decision not to renew Webb's employment.

On March 2, 1999, Webb filed this action against Binion and the fiscal court. He contended that he had been deprived of due process; that he had been denied his freedom of expression; and that his termination from county employment was otherwise illegal. Webb sought reinstatement as a county employee, backpay, and attorney's fees. The Carter Circuit Court ruled in favor of Binion and the fiscal court. Judgment accordingly was entered on February 4, 2004. This appeal followed.

Webb argues that the trial court erred by concluding that his duties as assistant road foreman are incompatible with his duties as a magistrate. As Webb correctly notes, there are no statutory or constitutional provisions specifically prohibiting his concurrent employment as assistant county road foreman and county office-holder. However, the holding of more than one public office at a time has consistently been disfavored and suspect as a matter of public policy as expressed in the common law doctrine of incompatibility. *Knuckles v. Bd. of Ed. of Bell County,* 272 Ky. 431, 114 S.W.2d 511 (1938).

Section 165 of the Constitution of Kentucky recognizes the inherent conflict of holding two offices or forms of public sector employment at the same time. It provides as follows:

No person shall, at the same time, be a State officer or a deputy officer or member of the General Assembly, and an officer of any county, city, town, or other municipality, or an employee thereof; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities, except as may be otherwise provided in this Constitution; but a Notary Public, or an officer of the militia, shall not be ineligible to hold any other office mentioned in this section.

A long series of annotations follows examining numerous possible conflicts—accepting some but rejecting numerous others. The critical test is a practical consideration of the possibility of a conflict of interest in the performance of the two functions to be applied on a case-by-case basis.

▮▮▮▮ Multiple public offices are traditionally considered incompatible with one another under common-law principles where the duties of the positions appear inherently inconsistent or repugnant or when the holding of the two positions by the same person may be detrimental to the public interest.

Functional incompatibility depends on the character and relation of the offices and not on the matter of physical inability to discharge the duties of both of them. The question is whether one office is subordinated to the other, or whether the functions of the two are inherently inconsistent or repugnant, or whether the occupancy of both offices is detrimental to the public interest.

*LaGrange City Council v. Hall Brothers Co. of Oldham County, Inc.,* 3 S.W.3d 765,

---

**2.** The fiscal court's executive powers include employing personnel to perform public functions such as those relating to county roads, police, and fire protection. Kentucky Revised Statutes (KRS) 67.083(3). The authority of a county judge/executive "to appoint, supervise, suspend, and remove county personnel" is subject to fiscal court approval. KRS 67.710(7).

769–770 (Ky.App.1999), *citing Polley v. Fortenberry,* 268 Ky. 369, 105 S.W.2d 143 (1937); *Barkley v. Stockdell,* 252 Ky. 1, 66 S.W.2d 43 (1933).

■ The doctrine of incompatibility bars an individual from holding both public office and public employment where one position is subordinate to the other or is subject to the audit or review of the other.

Two (2) offices or positions are incompatible whenever one has the power of appointment to or removal from the other and whenever there are any potential conflicts of interest between the two (2), such as salary negotiations, supervision and control of duties, and obligations to the public to exercise independent judgment.

*LaGrange City Council, supra. See also* 63C Am.Jur.2d *Public Officers and Employees* § 63 (1997). The policy behind the doctrine recognizes that it is the duty of a public officer or servant to discharge his or her duties uninfluenced by the duties and obligations of another office or position.

■ In the case before us, the issue is whether Webb's renewed employment with the county road department is inherently incompatible with his position as magistrate. As a member of the fiscal court, Webb is authorized and called upon to consider matters involving salary, tenure, and promotion of county employees. KRS 67.710. Under the reasoning of *LaGrange City Council, supra,* this close interrelationship between the positions clearly renders Magistrate Webb's concurrent employment with the county road department incompatible with his elected office. In addition, the Carter County Fiscal Court is directly responsible for the implementation of the county road program. It has the authority to open, to establish, or to alter the location of any public roads as well as to appropriate county funds for roadwork. KRS 178.115. The Carter County Fiscal Court has authority over the county road

supervisor and is responsible for approving his proposed policies. If a magistrate were to be employed as assistant county road foreman, he would be subordinate to the county road supervisor while having the capacity to exert control over his supervisor in his role as a member of the fiscal court. Magistrate Webb's concurrent public employment and occupancy of this public office are, therefore, functionally incompatible.

■ Magistrate Webb has abandoned any argument that his right to procedural due process was violated. However, he argues that the application of the incompatibility doctrine has resulted in an unconstitutional infringement of his First Amendment rights of free speech and free association. Those rights—while sacrosanct—are nonetheless subject to reasonable restriction. *See Associated Industries of Kentucky v. Commonwealth,* 912 S.W.2d 947 (1995). As applied in this case, the incompatibility doctrine did not unduly burden free speech or free association. Webb's rights to take an active role in a political campaign or to make public statements concerning political issues were not restrained. Webb was free to have his name placed on the ballot, to campaign, and to be elected to office. It is unfortunate that he was then forced to make an unpleasant choice between holding office and keeping his job. However, the facts of this case dictate the propriety of applying the doctrine of incompatibility to protect the public interests that are in potential conflict with one another. Any incidental restriction on personal rights was justified.

Accordingly, we affirm the judgment of the Carter Circuit Court.

ALL CONCUR.