RENDERED:  DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1298-MR

FRIENDS OF LOUISVILLE PUBLIC ART, LLC;
LOUISVILLE HISTORICAL LEAGUE, INC.;
MARK THOMPSON; GERALD R. TONER;
DEANNA M. O'DANIEL; JAMES PRICHARD;
CHARLES NICHOLAS MORRIS; MARTINA
KUNNECKE; AND STEVE WISER               APPELLANTS


              APPEAL FROM JEFFERSON CIRCUIT COURT
v.           HONORABLE A.C. MCKAY CHAUVIN, JUDGE
              ACTION NO. 19-CI-003550


LOUISVILLE/JEFFERSON
COUNTY METRO HISTORIC
LANDMARKS AND PRESERVATION
DISTRICTS COMMISSION;
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT;
LOUISVILLE METRO
GOVERNMENT CHEROKEE TRIANGLE
ARCHITECTURAL REVIEW COMMITTEE         APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE: The Appellants challenge two Jefferson Circuit Court opinions and orders affirming the approval of a certificate of appropriateness issued by Louisville/Jefferson County Metro Historic Landmarks Commission ("Landmarks Commission"). The certificate granted approval to remove a statue from the Cherokee Triangle Historic Preservation District. The first opinion and order, entered June 5, 2020, affirmed the Landmarks Commission's actions overturning the Cherokee Triangle Architectural Review Committee's ("the ARC") denial of Louisville Metro Government's ("Louisville Metro") application for the certificate of appropriateness. The second opinion and order, entered September 10, 2020, denied the motion to vacate the June 5 order. Having considered the briefs, the record, and the law, we AFFIRM.

## I. FACTS AND PROCEDURAL BACKGROUND

In December 2018, Louisville Metro applied to the ARC for a certificate of appropriateness for the planned removal and relocation of a statue depicting John B. Castleman from a roundabout located within the Cherokee Triangle Historic Preservation District.[1] A month later, the ARC heard

---

[1] LOUISVILLE/JEFFERSON METRO CODE OF ORDINANCES (LMCO) § 32.252 (2019) designates Cherokee Triangle Preservation District as a Historic Preservation District and states, in part, "[n]o person shall make any exterior alteration to any structure or site designated an individual landmark or to any site or structure located within a district without obtaining a certificate of

presentations and testimonies from citizens at a public meeting, after which the application was formally submitted for a vote. The vote resulted in a tie, 3-3, which is deemed a denial.[2] A written memorandum on the denial was prepared on behalf of the ARC, but it did not include written findings of fact, as mandated by LMCO § 32.257(I).[3]

Louisville Metro appealed that denial to the Landmarks Commission. In May 2019, the Landmarks Commission voted, 5-3, to overturn the ARC's denial of Louisville Metro's application. The Landmarks Commission approved the application and issued a certificate of appropriateness. An appeal to the Jefferson Circuit Court followed. In the order entered June 5, 2020, the circuit court affirmed the Landmarks Commission's decision. Subsequently, the Appellants filed a motion to vacate the June 5 order, and that motion was denied.

---

appropriateness, issued without cost, as provided in this subchapter." *Historic Preservation Districts*, LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, https://codelibrary.amlegal.com/codes/louisvillemetro/latest/loukymetro (last visited Dec. 14, 2021).

[2] LMCO § 32.257(I) states, in part, "[a]ny application which fails to obtain at least three votes or the votes of a majority of the members present, whichever is greater, for approval or conditional approval shall be deemed to be denied."

[3] LMCO § 32.257(I) states, in part, "[t]he Committee shall make a decision based upon a written finding of fact, which shall approve the application, approve the application with conditions, deny the application, or defer consideration of the application until a later meeting of the Committee."

## II.    ANALYSIS

Prior to this Court receiving an administrative appeal, a circuit court has already reviewed the agency's action. The circuit court must determine if the findings of fact are supported by substantial evidence and whether or not the administrative agency applied the correct rule of law to the facts found. *Rosen v. Commonwealth, Pub. Prot. Cabinet, Dept. of Fin. Insts.*, 451 S.W.3d 669, 673 (Ky. App. 2014) (quoting *500 Assocs., Inc. v. Nat. Res. and Env't. Prot. Cabinet*, 204 S.W.3d 121, 131-32 (Ky. App. 2006)) (citations omitted). As long as there is substantial evidence in the record to support the agency's decision, the court must defer to the agency, even if there is conflicting evidence. *Id*.

Herein, the circuit court relied upon the aforementioned standard of review in its analysis. "There is no evidence of record that would allow this [c]ourt to conclude that Louisville Metro or the Landmarks Commission acted outside of their respective authority or in disregard of the due process afforded and codified in the relevant ordinances." (June 5, 2020 order.) The circuit court stated that the certificate of appropriateness "provides evidence of sufficient probative value to induce conviction in the minds of reasonable men." *Id*.

On appeal, judicial review of an administrative action is concerned with the question of arbitrariness. *Hougham v. Lexington-Fayette Urban Cty. Gov't.*, 29 S.W.3d 370 (Ky. App. 1999). In making that determination, our review

is limited to three inquiries: (1) did the agency exceed its authority, (2) was due process afforded, and (3) was the agency's decision supported by substantial evidence. *Id.* (quoting *American Beauty Homes Corp. v. Louisville and Jefferson Cty. Planning and Zoning Comm'n*, 379 S.W.2d 450 (Ky. 1964)).

First, we consider whether the Landmarks Commission exceeded its authority. The Landmarks Commission's authority includes "such powers and duties as shall be prescribed herein with respect to the initiation, designation, establishment, regulation, and promotion of individual landmarks and districts and all necessary and implied powers to perform such duties." LMCO § 32.254(F) (2019).

Additionally, the Landmarks Commission is the proper recipient of an appeal from an ARC decision. LMCO § 32.257(K). During such appeal, the Landmarks Commission shall review the application and prior proceedings, and at the discretion of the Chair, take additional testimony. *Id.* The Landmarks Commission has the authority to overturn a denial of an application and approve the application with or without conditions. *Id.* There is no allegation in the record that the Commission failed to follow its bylaws. We find that the Landmarks Commission did not exceed its authority.

Second, this Court must determine if due process was afforded the Appellants. The Kentucky Supreme Court has established that due process has

-5-

been afforded where there was "a hearing, the taking and weighing of evidence if such is offered, a finding of fact based upon a consideration of the evidence, the making of an order supported by substantial evidence, and, where the party's constitutional rights are involved, a judicial review of the administrative action." *Morris v. City of Catlettsburg*, 437 S.W.2d 753, 755 (Ky. 1969) (citations omitted).

The Appellants argue, in pertinent part,[4] that they were denied due process in two ways: (a) two members of the Landmarks Commission, who participated in and voted on the measure, had a conflict of interest; and (b) the Landmarks Commission hearing did not allow an extended amount of time for rebuttal during the public meeting.

As pertaining to the conflict of interest, the Appellants argue that non-merit officers of Louisville Metro may not vote on an application brought forth by Louisville Metro in its governmental capacity. The Appellants point to *LaGrange City Council v. Hall Brothers Company of Oldham County, Inc.*, 3 S.W.3d 765, 768 (Ky. App. 1999), and *Rash v. Louisville and Jefferson County Metropolitan Sewer District*, 217 S.W.2d 232 (Ky. 1949). This Court in *LaGrange City Council* asserted conflict, or incompatibility, turns on whether one office is subordinated to

---

[4] The Appellants additionally argue that due process was denied by the ARC because (1) there was a conflict of interest of a voting member of the ARC, and (2) the ARC did not provide a finding of fact as required by LMCO 32.257(I). But, the ARC's decision is not before us, and that argument is moot because the ARC denied the application *in favor* of the Appellants.

the other, whether the functions of the two are inherently inconsistent or repugnant, or whether the occupancy of both offices is detrimental to the public interest. 3 S.W.3d at 769-70. The Court in *Rash* asserted dual positions are in conflict if he/she cannot discharge his/her duties uninfluenced by the duties and obligations of another office. 217 S.W.2d at 236-37.

Herein, the Appellants do not assert any factual basis for incompatibility, conflict, or undue influence beyond the mere appearance of impropriety. The Appellants do not argue any specific conflict detrimental to public interest. The Appellants state there is an "inherent conflict of interest due simply to the fact all . . . are subject to the political whim of the Mayor[.]" (Brief of Appellants at 10.) Our review must weigh the significance of the conflict of interest factors within the circumstances of this particular case. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008). Taking into account the record before us, we find no facts to support the conflict of interest claim; implied or assumed conflict, without specific facts or inconsistency with statute, does not result in a denial of due process rising to the level of arbitrariness.

In relation to the lack of rebuttal time, we find that this argument is also not sufficient to prove arbitrariness. Both sides, for and against the application, were afforded the opportunity to speak at the Landmarks Commission

hearing. The Commission Chair allowed a 20-minute presentation in support of the application; following the presentation, numerous people gave three-minute testimonies, which alternated between the two relevant sides. (To be discussed in more detail below.) Then, the Chair allowed one person to speak for two and one-half minutes in rebuttal. Even though reasonable minds may disagree with the duration of the testimonies, the time allocations were not arbitrary, capricious, or unreasonable.

Third, we look to whether the Landmarks Commission decision was supported by substantial evidence. The Appellants argued that the Landmarks Commission's decision could not have been supported by substantial evidence in the absence of any findings of fact by the ARC. The circuit court stated, "That denial [of the certificate of appropriateness] was the procedural consequence of the ARC members having been unable to reach a substantive decision [and] is of no consequence." (June 5, 2020 order) (citations omitted). We agree with the circuit court in that the absence of the findings of fact by the ARC, while erroneous, does not necessarily prove the Landmarks Commission's decision was arbitrary.

The Landmarks Commission hearing began its discussion of the ARC appeal with a 20-minute PowerPoint presentation in favor of the application. After that, 27 members of the public testified: 13 in opposition, 11 in support, one yielded his time to avoid redundancy, and two were neutral. Additionally, the

Landmarks Commission reviewed ten written public comments received after the ARC meeting. Thereafter, the rebuttal informed participants that if the statue were to be removed, there was an informal agreement that the statue would be moved to Cave Hill Cemetery. Finally, the members of the Landmarks Commission had a 15-minute discussion with additional questions for the rebuttal witness. A vote to overturn followed. Even without the findings of fact from the ARC, we find there is substantial evidence that the Landmarks Commission's decision was not arbitrary, capricious, or unreasonable.

### III. CONCLUSION

For the reasons expressed, the opinions and orders entered by the Jefferson Circuit Court – affirming the issuance of the certificate of appropriateness by the Landmarks Commission – are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Stephen T. Porter
Louisville, Kentucky

BRIEF FOR APPELLEES:

Michael J. O'Connell
Jefferson County Attorney
Louisville, Kentucky

Susan K. Rivera
Peter F. Ervin
Louisville, Kentucky