## Richardson v. Bell County Board Of Education.

Feb. 1, 1944.

F. R. Whalin and G. R. Drinnon for appellant.

Lester L. Parrot for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

The appellant, Glenn Richardson, was employed as a teacher in a county school of Bell County for the school

year 1937-1938 at a salary of $98.10 per month and had entered upon his duties. On November 10, 1937 the Bell County Board of Education appointed him Assistant Superintendent for the period November 15, 1937 to June 30, 1941 at a salary of $150 per month. He continued to teach at the Bell County High School under the direction of the Superintendent and was paid salary at the rate of $150 per month until March 1938. He was paid only $27.50 for March on account of a shortage of school funds and was paid no further salary until the latter part of the year and was then paid for the last three months of the school year at the rate of $98.10 per month, teacher's salary. In May 1938 an order was entered by the Board of Education setting aside his appointment as assistant superintendent. He was refused access to the office of the Superintendent after July 1, 1938 and then obtained employment as a teacher with the Board of Education of the City of Middlesboro for the remainder of the term for which he had originally been appointed assistant superintendent.

This action was filed by the appellant to recover $305.70, alleged to be due for services actually performed as assistant superintendent up until June 1938, and the further sum of $1,600, the difference between what he actually earned and what he would have earned, as assistant superintendent from July 1, 1938 to June 30, 1941. The appellant testified that in addition to acting as teacher at the Bell County High School he worked at the office of the Superintendent on Saturdays and frequently on school days, after school hours. The case was, by agreement, tried by the court and judgment was entered dismissing the petition. This appeal follows.

We think the court correctly denied the relief sought. Certain sections of Chapter 65 of the Acts of 1934, which are now KRS 160.350 et seq., define generally the duties of county superintendent (the duties of the assistant superintendent being the same) and it is apparent that it was not contemplated by this act that either the superintendent or the assistant superintendent should be a teacher in the school system, the duties of both being purely administrative. In Knuckles v. Board of Education of Bell County, 272 Ky. 431, 114 S. W. (2d) 511, we held that the position of assistant superintendent of county schools was incompatible with the position of teacher and that a teacher appointed as

assistant superintendent, who acted as a teacher in accordance with later action of the school board, was not entitled to compensation as assistant superintendent. Yet, though the position of teacher and assistant superintendent were incompatible, the appellant continued to act as teacher. And, since he did not relinquish the position as teacher, he failed to enter into the performance of the duties of assistant superintendent. It seems apparent that the appointment of the appellant as assistant superintendent was a mere subterfuge on the part of the Board and the appellant to permit the payment of more salary to him than he could have received as teacher.

KRS 160.390 requires the superintendent (and, necessarily, the assistant superintendent) to devote himself exclusively to his duties, which are administrative in nature and do not include teaching. By holding the incompatible position of teacher the appellant failed to enter upon his duties as assistant superintendent, and by continuing to teach after the order of May 1938 revoking his appointment as assistant superintendent he will be held to have acquiesced in the order of revocation. In any event, the holding of the incompatible position of teacher operated to prevent the appellant from being entitled to compensation as assistant superintendent.

Affirmed.