■ In the Matter of Elaine Dupras, Respondent, v County of Clinton et al., Appellants. [624 NYS2d 309] —White, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered November 29, 1993 in Clinton County, which, upon reconsideration, inter alia, adhered to its prior decision granting petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment directing respondent Gladys M. Perry to resign from one of two public positions.

On June 9, 1993, respondent Gladys M. Perry was appointed to the Clinton County Legislature to fill the unexpired term of her late husband. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the appointment on the ground that it created a conflict of interest since Perry was employed as a senior clerk in the Clinton County Board of Elections. Supreme Court, finding the two offices incompatible,

granted the petition and directed Perry to resign from one of them. On reargument, Supreme Court adhered to its decision, prompting this appeal.

We affirm. As a general rule, county legislators may hold any other public office or be employed in the public sector unless, *inter alia,* the offices or the office and employment are incompatible at common law *(see, Matter of Dykeman v Symonds,* 54 AD2d 159, 162). Incompatibility exists when one office is subordinate to the other or subject to audit or review by the second *(see, O'Malley v Macejka,* 44 NY2d 530, 535).

Here, the incompatibility is readily apparent since in her legislative capacity Perry will be in a position to vote upon the budget and personnel of the Board of Elections, as well as the salary of the commissioners who are her supervisors and who may remove her at their pleasure *(see,* Election Law § 3-200 [2]; § 3-204 [4]; §§ 3-208, 3-300). We note that Perry has proposed to ameliorate this conflict by recusing herself from any votes on the Board of Elections' budget. Inasmuch as the Board's budget is established in consideration of the needs of the other County agencies and departments and the resources of the County, Perry would have to recuse herself from the entire budgetary process to remove any suggestion of conflict of interest or appearance of impropriety. This would be unacceptable since it would deprive Perry's constituents of a voice in a significant aspect of the Legislature's responsibilities *(see,* 1991 Atty Gen [Inf Opns] 1031).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.