COUNTY LAW § 225-a; L. 1957 CH. 348.
One person may hold the positions of dispatcher in the County Department of Emergency Response as well as a member of the Dutchess County Fire and Safety Advisory Board. A dispatcher may also serve as a volunteer firefighter.
Carol A. Bogle, Esq. Informal Opinion Senior Assistant County Attorney No. 2001-5 Dutchess County Attorney's Office 22 Market Street Poughkeepsie, New York 12601
Dear Ms. Bogle:
You have asked whether an individual may hold the position of E-911 dispatcher, a position within the Dutchess County Department of Emergency Response, and also serve as a member of the Dutchess County Fire and Safety Advisory Board ("Board"). Based on the information you have provided, we conclude that the positions are compatible and may be held simultaneously by one individual.
The Board was established pursuant to County Law § 225-a. Under the statute, the duties of the Board are (1) "to cooperate with the office of fire prevention and control in the department of state in relation to . . . programs for fire training, fire service-related activities and mutual aid"; (2) "to act as an advisory body to the board of supervisors[1] and to the county fire coordinator, if any, in connection with the county's participation in such programs for fire training, fire service-related activities and mutual aid and in connection with the county establishment and maintenance of a county fire training school and mutual aid programs in cases of fire and other emergencies in which the services of firemen would be used"; and (3) "to perform such other duties as the board of supervisors may prescribe in relation to fire training, fire service-related activities and mutual aid in cases of fire and other emergencies in which the services of firemen would be used." See County Law § 225-a(2). Members of the Board are appointed by the Dutchess County Legislature with the status of county officers, and serve without compensation. Id.; see also Op. Atty. Gen. (Inf.) No. 83-9 (members of the county fire safety advisory board are public officers who must comply with statutory requirements for holding public office).
You have informed this office that the E-911 dispatcher in question is a senior fire alarm dispatcher. According to the materials you provided, a senior fire alarm dispatcher is the shift supervisor responsible for overseeing the work of all on- duty fire alarm dispatchers, who dispatch appropriate units and their personnel in response to requests for fire, rescue or emergency medical services. A senior fire alarm dispatcher supervises and participates in the performance of the dispatching functions for volunteer or paid fire and rescue companies and for voluntary emergency medical services and ambulance corps within the county.
Dual officeholding may be prohibited by the State Constitution or by statute. In the absence of a constitutional or statutory prohibition, one person may hold two offices or positions simultaneously unless they are incompatible.[2] Two offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between the two offices. See People ex rel. Ryan v. Green, 58 N.Y. 295, 304-305
(1874); O'Malley v. Macejka, 44 N.Y.2d 530, 535 (1978); Matter of Duprasv. County of Clinton, 213 A.D.2d 952, 953 (3rd Dep't 1995). For example, the positions of fire chief and house maintainer of a fire district are incompatible because the house maintainer is subordinate to, and supervised by, the fire chief. See Op. Atty. Gen. (Inf.) No. 97-4; see also Op. Atty. Gen. (Inf.) No. 97-44 (because master mechanic is subordinate to fire district commissioner, a person may not simultaneously hold both positions). Similarly, the position of county fire investigator is inconsistent with the position of county building inspector, because the fire inspector will review the work of the building inspector in the course of investigating a fire. See Op. Atty. Gen. (Inf.) No. 98-44.
We conclude that there is no constitutional or statutory prohibition precluding the appointment to membership on the Board of an E-911 dispatcher employed by the county. County Law § 225-a(4) provides that a member of the board of supervisors, the county fire coordinator, or a deputy fire coordinator may be appointed to the county fire advisory board. There is no indication in the statute or the legislative history that this provision was meant to set forth an exclusive list of the county officials or employees who may be appointed to the Board. Rather, the purpose of this provision is to establish an exception to the common-law rule of incompatibility for the appointment of members of the board of supervisors to the county fire advisory board,[3] and to remove any doubt as to the propriety of appointing a county fire coordinator or his deputy to such a board.[4] The statute does not deal, either directly or by implication, with other offices or positions. Therefore, whether other county officials or employees may be appointed to the county fire advisory board must be determined on a position-by- position basis, by examining the duties of the positions in accordance with the principles described above.
Neither of the positions or offices in question is subordinate to the other. The only question, therefore, is whether there is an inherent inconsistency in holding both positions or offices at the same time. We find none.
The function of the Board is primarily planning and advice, and all of those functions relate to fire training programs, fire service-related activities and mutual aid in cases of fire and other emergencies in which the services of firefighters would be used. The Board does not appear to have any role in determining the compensation or other benefits of an E-911 dispatcher, or the budget, supplies and equipment of local fire companies or the benefits of volunteer firefighters. Accordingly, a Board member would not participate in decisions involving the terms of employment of an E-911 dispatcher or the allocation of funds of volunteer fire companies, nor would a Board member audit or evaluate the performance of duties by an E-911 dispatcher. Cf. 1977 Op. Atty. Gen. (Inf.) 249 (Dutchess County Legislator and County (or Deputy) Fire Coordinator are incompatible offices because the county legislature fixes the compensation of the County and Deputy County Fire Coordinator); Op. Atty. Gen. (Inf.) No. 95-12 (positions of city council member and city firefighter are incompatible because city council adopts budget of fire department, meaning that the councilperson would determine his own salary and benefits and those of his co-workers in the fire department).
Your letter mentions that the senior fire alarm dispatcher in question is also a volunteer firefighter. Although you did not request an opinion with respect to the compatibility of the positions of volunteer firefighter and member of the Board, we believe that these positions are compatible, essentially for the same reasons set forth above.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
By:_________________________ VICTOR PALADINO
Assistant Solicitor General
[1] In many counties, including Dutchess County, the board of supervisors has been superseded by the county legislature; the statute's reference to the board of supervisors should therefore be read to refer to the county legislature or other governing county legislative body.See 1977 Op. Atty. Gen. (Inf.) 249.
[2] These common law rules apply equally to an office and a position of employment or two positions of employment. Although in other contexts there are important differences between the two terms, in this opinion we use the terms office and position interchangeably.
[3] Absent statutory authorization, it violates public policy for a governing body or public board to appoint one of its members to a public office. See Op. Atty. Gen. (Inf.) No. 83-9 (citing Wood v. Town ofWhitehall, 120 Misc. 124 [Sup. Ct. Washington Co. 1923], aff'd,206 App. Div. 786 [3rd Dep't 1923]); see also Bill Jacket, L. 1957 ch. 348, memorandum of Attorney General Lefkowitz, dated March 20, 1957.
[4] Prior to the enactment of County Law § 225-a(4), the Attorney General opined that there was no incompatibility between the offices of county fire coordinator or his deputy and fire advisory board member,see 1955 Atty. Gen. (Inf.) 181, and subdivision four removed "all doubt on the question." See Bill Jacket, L. 1957 ch. 348, memorandum of Charles W. Potter, Counsel to the New York State Joint Legislative Committee on Fire Laws.