Marilyn D. Berson, Esq. Informal Opinion Corporation Counsel No. 2002-7 City of Newburgh Office of the Corporation Counsel City Hall 83 Broadway Newburgh, New York 12550
Dear Ms. Berson:
You have asked whether an individual employed as Senior Typist in the City's Building Department may also serve as a member of the City Zoning Board of Appeals. Based upon the information you have provided, we conclude that the two positions are incompatible.
You have also asked whether a conflict of interest exists where a City code enforcement officer employed by the Building Department owns several rental properties in the City. We believe this question should be referred to the City Board of Ethics.
The first question concerns the compatibility of two offices or positions. In the absence of a constitutional or statutory prohibition against dual officeholding, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between the two offices. See People ex rel. Ryan v.Green, 58 N.Y. 295, 304-05 (1874); O'Malley v. Macejka, 44 N.Y.2d 530,535 (1978); Matter of Dupras v. County of Clinton, 213 A.D.2d 952, 953
(3d Dep't 1995). These common law rules regarding dual officeholding apply equally to an office and a position of employment, as is presented by the facts here. See Matter of Dupras, 213 A.D.2d at 953.
We have not identified any per se constitutional or statutory prohibition on an individual's serving as a member of the Zoning Board of Appeals while employed as Senior Typist in the Building Department. Indeed, under General City Law § 81, a municipal official (except a member of the City's legislative body) or employee may serve as a member of the Zoning Board of Appeals if there is no conflict between the duties of the two positions. See General City Law § 81(2), (9).
You have indicated that the individual serving as Senior Typist in the Building Department is supervised by the Building Inspector, who also serves as Zoning Administrator. Thus, you have indicated, determinations made by the Typist's supervisor are subject to appellate review by the Zoning Board of Appeals. You have also indicated that although the City Manager is directly responsible for employment decisions regarding Building Department employees, the City Manager relies upon the Building Inspector for recommendations regarding hiring, firing and disciplining of these employees. Additionally, you have described the Senior Typist's duties as including reviewing Zoning Board applications to ensure that they contain all required information, advising members of the public as to what Board approvals are required, tracking applications before the Board, and typing information that ultimately comes before the Zoning Board of Appeals for review. Further, you have indicated that the employee holding the position of Senior Typist also serves as secretary to the City Planning Board. However, in a subsequent telephone conversation you clarified that neither the Zoning Board of Appeals nor the Planning Board has authority to review determinations of the other body.
In light of these facts, there are two bases for finding the positions incompatible. First, although the Zoning Board of Appeals does not directly supervise the position of Senior Typist or directly review determinations made by that employee, there is sufficient indirect supervision and review to create at least an appearance of a conflict of interest, which must be avoided to maintain public confidence in the integrity of government. See People ex rel. Ryan v. Green,58 N.Y. at 304-05
(concluding that offices are incompatible where the nature and relationship of the offices prevent one person from "faithfully and impartially discharg[ing] the duties" of both positions). As a member of the Zoning Board of Appeals, the individual holding the position of Senior Typist would be reviewing determinations made by her supervisor, who serves as Building Inspector and Zoning Administrator. Although the supervisor is not directly responsible for employment decisions concerning this employee, his recommendations are relied upon by the City Manager in making such decisions. Under these circumstances, there would at least be an appearance that the employee's authority to review her supervisor's determinations is not being exercised impartially. Also, the Zoning Administrator may not be able to supervise the Senior Typist impartially in this situation.
In similar circumstances, we have previously found positions incompatible because they create at least the appearance of a conflict of interest. For example, we concluded that the positions of administrative assistant to the town supervisor and member of the town zoning board of appeals would be incompatible if determinations of the town board were subject to review by the zoning board of appeals. See Op. Atty. Gen. (Inf.) No. 86-3. In that situation, we noted that the administrative assistant would have divided loyalties in reviewing the supervisor's determinations as a member of the zoning board of appeals. See id. Similarly here, the Senior Typist could have divided loyalties in reviewing zoning determinations made by her supervisor.
We have also found that positions of member of a town board and employee of a town are incompatible where the town supervisor exercises indirect supervision of the town employee. See Op. Atty. Gen. (Inf.) 99-39 (positions of town supervisor and town librarian incompatible because town supervisor votes on appointments to library board who directly supervise town librarian and participates in determinations affecting library funding); Op. Atty. Gen. (Inf.) No. 90-56 (positions of member of town board and secretary to zoning board of appeals incompatible because town board appoints members of zoning board of appeals who have direct supervision of secretary).
Second, the specific duties performed by the Senior Typist could also create an appearance of impropriety. Specifically, there may be a perceived conflict of interest in advising members of the public regarding their zoning applications and in tracking applications that ultimately come before the Zoning Board of Appeals for review.
Thus, we conclude that under the facts you have outlined, the position of Senior Typist in the City Building Department is incompatible with the office of member of the Zoning Board of Appeals.
You have also asked whether a conflict of interest exists where a local code enforcement officer owns several rent- producing properties in the City. In a subsequent telephone conversation, you clarified that the local code enforcement officer is responsible for the enforcement of state and local zoning, housing and building codes and that inspections of rental properties can occur under a variety of circumstances. You have indicated that other local code enforcement officers currently inspect this employee's rental properties.
Your question is best addressed by your local Board of Ethics. See 1978 Op. Atty. Gen. (Inf.) 92. Under General Municipal Law §808(3), a municipality may establish a local board of ethics to render advisory opinions on questions of conflicts of interest concerning municipal officers and employees.[1] Where a municipality does not establish a local board of ethics, ethical questions concerning local employees may be referred to the County Board of Ethics. See General Municipal Law § 808(2). This statute represents a legislative recognition that boards of ethics should make findings of fact when necessary to determine whether a municipal official has a conflict of interest. Here, factual findings must be made to make such a determination. For example, the number of rental properties owned by the code enforcement officer and whether the officer supervises the other code enforcement officers are directly relevant to determine whether there is a conflict of interest or an appearance of impropriety. Accordingly, we recommend that you refer this conflict of interest question to your City Board of Ethics for an advisory opinion. If a Board does not exist, the City Council can form one easily and quickly. The Board can determine the relevant facts, which in this case are essential in advising the municipal officer whether there is a conflict or an appearance of impropriety undermining public confidence in government. Our office cannot make these factual determinations.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
By: __________________________
LAURA ETLINGER
Assistant Solicitor General
[1] We note that we have previously concluded that a city, by local law, may vary the composition requirements of a local board of ethics set forth in General Municipal Law § 808 in order to establish the local board of ethics as a truly independent body. See 1986 Op. Atty. Gen. (Inf.) 100.