Frank J. Phillips, Esq. Town Attorney Informal Opinion Town of Stony Point No. 2002-16 74 East Main Street Stony Point, New York 10980
Dear Mr. Phillips:
You have asked whether an individual may serve simultaneously as the confidential assistant to the town supervisor and as a member of the town planning board. We conclude that the two positions are compatible.
Background
You have advised that the confidential assistant performs the function of secretary to the town supervisor. As required by state law, a confidential secretary is designated by the town supervisor and, thus, is subordinate to and serves at the pleasure of the town supervisor. See
Town Law § 29(15). The duties of the town supervisor include a variety of administrative and financial functions. See Town Law §§29, 125. The town supervisor also serves as a member of the town board. Town Law § 60(1).
A town board may elect to create a town planning board and is responsible for appointing the members of such board. Town Law § 271(1). Planning board members are subject to removal by the town board for cause. Id. The planning board is responsible for developing or reviewing the town's comprehensive plan, which forms the basis for development in the town. See Town Law §§ 271(14)(b), 272-a(4). The planning board may also be given authority to approve site plans and subdivision plats and to issue special use permits. See id. §§ 274-a(2), 274-b(2), 276(1). Additionally, the planning board may be responsible for reviewing other matters before the taking of final action by town officials. See id. § 271(14)(a).
Analysis
In the absence of a constitutional or statutory prohibition against dual officeholding, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between the two offices.See O'Malley v. Macejka, 44 N.Y.2d 530, 535 (1978); People ex rel. Ryanv. Green, 58 N.Y. 295, 304-05 (1874); Matter of Dupras v. County ofClinton, 213 A.D.2d 952, 953 (3d Dep't 1995). Although in other contexts the differences between a public office and position of employment may be significant, the common law rules regarding dual officeholding apply equally to an office, which generally involves the exercise of sovereign authority and discretion,[1] and a position of employment. See Matterof Dupras v. County of Clinton, 213 A.D.2d at 953.
We have not identified any per se constitutional or statutory prohibition on an individual's serving as a confidential assistant to the town supervisor and as a member of the town planning board. We note that under Town Law § 271(3), a member of the town board (including therefore the town supervisor) may not serve as a member of the planning board. This statutory prohibition apparently is based on the common law rule that prohibits a board from appointing one of its own members to a public office. See Op. Atty. Gen. (Inf.) No. 86-3 (construing similar provision in Town Law § 267(1), which prohibits town board members from serving on zoning board of appeals) (citing Wood v. Town of Whitehall,120 Misc. 124 (Sup.Ct.), aff'd 206 A.D. 786 (3d Dep't 1923)). Similarly, the authority of the town board to remove a member of the planning board would create a potential conflict between these two board positions, which would require that the affected board member recuse him or herself from any such removal proceedings. See Op. Atty. Gen. (Inf.) No. 89-55. However, the conflicts created by the town board's appointment and removal authority over planning board members would not arise with respect to the position of confidential assistant to the town supervisor. The confidential assistant would not have appointment and removal authority over him or herself as a planning board member; rather, the individual would be subject to the supervision and appointment and removal authority of the town supervisor in both positions.
Inasmuch as there is no statutory bar prohibiting one individual from holding these two positions, the question is whether the duties of the two positions are compatible. We have previously concluded that there is no conflict between the duties of town board member and member of the town planning board. Prior to the enactment of the statutory bar prohibiting town board members from serving as members of the town planning board, we addressed the issue whether a current member of the town planning board could be appointed to fill a vacancy on the town board. See Op. Atty. Gen. (Inf.) No. 89-55. Although noting that the individual would not be eligible for reappointment to the planning board if he remained a member of the town board (because of the rule prohibiting a board from appointing one of its own members to a public office) and that the individual should recuse him or herself from any proceedings to remove a planning board member, we concluded that because a town board may perform the planning functions itself if it does not create a planning board, there is no incompatibility between the duties of planning board member and town board member. See id. Thus, with respect to those duties of the confidential assistant pertinent to the supervisor's role as a member of the town board, there is no conflict between that position and the position of town planning board member. Seealso Op. State Compt. No. 62-20 (concluding that the positions of secretary to the town board and planning board member are compatible).
Nor does there appear to be any inconsistency between the positions of confidential assistant to the supervisor and planning board member with respect to the other duties of the town supervisor, which involve generally the control and recordkeeping of town funds. See Town Law §§ 29, 125. The confidential assistant's involvement with the supervisor's fiscal duties would not conflict with that individual's planning board duties, as planning board members do not perform auditing or fiscal functions.
Finally, while we have previously concluded that a member of a county legislature who also serves as a town planning board member should recuse herself from appointing members of any county or regional planning board that reviews decisions of the town planning board, see Op. Atty. Gen. (Inf.) No. 97-22, you have indicated that the Stony Point town supervisor does not serve as a member of the Rockland County legislative body, since that legislative body is not a board of supervisors. Cf. County Law § 150 (supervisors of towns and cities within county constitute county board of supervisors). Thus, there is no question here as to the duties of the town supervisor's confidential assistant with respect to the supervisor's role as a member of any county legislative body. In any event, the confidential assistant would appear to be insulated from any incompatibility or conflict arising from the town supervisor's appointment and removal authority over county or regional planning board members, should such authority exist, because the assistant himself lacks such authority.
In an analogous context, we have concluded that the positions of administrative assistant to the town supervisor and member of the town zoning board of appeals are compatible, as long as the zoning board of appeals does not review decisions of the town board. See Op. Atty. Gen. (Inf.) No. 86-3. We likewise conclude that the positions of confidential assistant to the town supervisor and member of the town planning board are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions
[1] See, e.g., Haller v. Carlson,, 42 A.D.2d 829, 829 (4th Dep't 1973) (distinguishing public officer and public employee for purposes of Public Officers Law); Op. Atty. Gen. No. 97-F7 (same).