Michael G. Reinhardt, Esq. Informal Opinion Assistant County Attorney No. 2003-3 County of Ontario Ontario County Courthouse 27 North Main Street, 4th Floor Canandaigua, New York 14424
Dear Mr. Reinhardt:
You have asked whether an individual may be appointed as a member of a county planning board where the individual already serves as a member of a town planning board in the same county and is also employed as Director of Development[1] of one village in the county, and as a building inspector/zoning code enforcement officer for another village also located in the same county. You have also asked, in the event the positions are deemed compatible, whether the individual, in his or her role as a county planning board member, would have to recuse him- or herself from consideration of any matter referred from the town and villages where the individual serves as an official, and whether the county legislative body may take into consideration the fact that this individual may be subject to frequent recusals — if that turns out to be true — in deciding whether to appoint this individual to the county planning board. Finally, you have inquired whether the individual must recuse him- or herself as a member of the town planning board from consideration of any matter referred back to the town planning board from the county planning board.
We conclude that the positions are not per se statutorily or constitutionally incompatible. However, as a member of the county planning board, the individual would be statutorily required to recuse him- or herself from voting on any matter referred not only from the town on whose planning board the individual serves, but also from the villages where the individual serves as building inspector/zoning code enforcement officer. We therefore conclude that the positions may be incompatible if many matters are referred to the county planning board from the town and the two villages where the individual serves as an official. Accordingly, the county legislative body empowered to appoint members of the county planning board should take into consideration the number of recusals to which the individual would likely be subject because of the numerous municipal positions the individual holds. We further conclude that if the county legislature determines to appoint the individual under these circumstances, the individual need not recuse him- or herself as a town planning board member from consideration of matters referred back to the town planning board by the county planning board.
Background
The county planning board is responsible for coordinating development, zoning and planning on a county-wide basis. See General Municipal Law § 239-c. If authorized by the county legislative body, the county planning board also reviews certain classes of planning, zoning, site plan and subdivision actions referred by cities, towns or villages within such county that may have an inter-community or county-wide impact. Id. §§ 239-c(3), 239-l, 239-m, 239-n. If the county planning board disapproves a proposal or recommends modifications, the affected municipal agency may not act contrary to the disapproval or recommendation except by a vote of a majority plus one of its members.Id. § 239-m(5). Members of the county planning board are to be selected in a manner determined by the county legislative body; they are subject to removal from the board by the county legislative body for cause. Id. § 239-c(2)(b), (f).
The town planning board is responsible for developing or reviewing the town's comprehensive plan, which forms the basis for development in the town. Town Law §§ 271(14)(b), 272-a(4). The town planning board may also be given authority to approve site plans and subdivision plats and to issue special use permits. Id. §§ 274-a(2), 274-b(2), 276(1). Additionally, the town planning board may be responsible for reviewing other matters before final action is taken by town officials. Id. § 271(14)(a). Members of the town planning board are appointed by the town board; they are subject to removal by the town board for cause. Id.
§ 271(1).
You have advised us that the village building inspector/ zoning code enforcement officer positions held by the individual for two villages in the county involve essentially the same duties, i.e., enforcing village development and zoning codes, ordinances, and rules and regulations, and monitoring building construction in each village to ensure that such projects are undertaken in compliance with these laws.
Analysis
In the absence of a constitutional or statutory prohibition against dual officeholding, one person may hold more than one office simultaneously unless the offices are incompatible. Offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between them. See O'Malley v. Macejka, 44 N.Y.2d 530, 535 (1978); People ex rel.Ryan v. Green, 58 N.Y. 295, 304-05 (1874); Matter of Dupras v. County ofClinton, 213 A.D.2d 952, 953 (3d Dep't 1995). Although in other contexts the differences between a public office and a position of employment may be significant, the common law rules regarding dual officeholding apply equally to an office, which generally involves the exercise of sovereign authority and discretion,[2] and a position of employment. See Matterof Dupras, 213 A.D.2d at 953.
We have not identified any per se constitutional or statutory prohibition on an individual's serving as a member of a county planning board at the same time as he or she serves as a member of a town planning board located in the county and works as a building inspector/zoning code enforcement officer for two villages also located in the county. To the contrary, General Municipal Law § 239-c(2)(c) expressly prohibits the preclusion of an elected or appointed municipal official from serving as a member of a county planning board "because such [individual] is an elected or appointed official of the county or a municipality." See also Town Law § 271(12) (no person shall be disqualified from serving on a town planning board because of membership on a county planning board).
However, this provision also dictates that a county planning board member holding a municipal office should recuse him- or herself from consideration of certain matters. Specifically, the law states that:
 no member of a county planning board shall vote on any matter before such board which has been the subject of a proposal, application or vote before the county or the municipality where he or she serves in such elected or appointed capacity.
General Municipal Law § 239-c(2)(c). In our view, based on the plain language of this provision, an individual must recuse him- or herself from any matter that was considered by any body in the municipality where he or she serves as an officer. The sweep of the provision includes matters that were considered by municipal bodies other than the municipal board on which he or she serves or the agency for which he or she works. The provision also clearly applies to municipal officials generally, not just officials serving on governing boards. Additionally, section 239-c(2)(c) does not limit the recusal requirement to only those matters that were considered by the municipality while the individual was serving as an official there; recusal is required even if the prior vote, proposal or application occurred before the individual's appointment as a municipal official. Accordingly, it is our opinion that under the current law the individual at issue here, if appointed to the county planning board, would be required to recuse him- or herself from a vote on any matter that has been the subject of a vote, proposal or application before any body of the town on whose planning board the individual serves, or before any body of the villages that employ the individual as a building inspector/zoning code enforcement officer.
This conclusion is supported by a comparison of General Municipal Law § 239-c(2)(c), enacted in 1997, with its predecessor (former General Municipal Law § 239-b(1)), which expressly limited the recusal requirement to votes relating to matters that had been the subject of a proposal, application or vote before the specific municipal body on which the individual served. The predecessor provision also clearly applied only to officials serving on municipal boards. Specifically, former General Municipal Law § 239-b(1) stated, in relevant part:
 Any member of a municipal board who serves as a member of a regional or county planning board may participate in any deliberations of such county or regional board, but shall excuse himself or herself from any vote relating to a matter or proposal before such county or regional planning board which is or has been the subject of a proposal, application, or vote before the municipal board of which he or she is a member.
Former General Municipal Law § 239-b(1) (enacted 1991 and repealed 1997). A comparison of the statutory enactments demonstrates thus that the 1997 amendment broadened the recusal requirement. The statutory provision no longer refers to recusal by a member of amunicipal board as to matters that were before that board, but rather refers to all members of the county planning board recusing themselves from matters that were before the county or municipality that he or she also serves.
We have previously concluded that where the holding of multiple offices[3]
leads to frequent recusals, an individual should not hold all of the offices. See Op. Atty. Gen. (Inf.) No. 02-11; Op. Atty. Gen. (Inf.) No. 84-34. Frequent recusals would interfere with the individual's ability to perform his or her duties as member of the county planning board and would therefore diminish the individual's effectiveness as a member of that board. Thus, notwithstanding the Legislature's determination that recusal would be an effective remedy to eliminate conflicts of interest arising from dual municipal affiliations among county planning board members, we conclude that where a candidate for county planning board holds three municipal offices, General Municipal Law § 239-c(2)(c) does not preclude the county legislative body from considering how frequently the candidate would have to recuse him- or herself from voting on matters before the county planning board in deciding whether to appoint the candidate. If it appears that the recusals will be pervasive, we would recommend that the individual not be appointed to the county planning board.[4]
Finally, we believe the law does not require that an individual serving on both the town and county planning boards recuse him- or herself as a member of the town planning board from considering matters referred back from the county planning board after being reviewed at the county level. The Legislature has specifically endorsed the concept that individuals may serve on both town and county planning boards, see Town Law §271(12) ("No person shall be disqualified from serving as a member of the town planning board by reason of serving as a member of a village or county planning board."), and has provided a broad recusal requirement at the county level, General Municipal Law § 239-c(2)(c). Thus, we believe the legislative scheme indicates that recusal at the county level is sufficient to ameliorate any conflict of interest when matters are referred back to the town planning board.
Conclusion
In sum, we conclude that an individual serving as a member of a town planning board and as building inspector/zoning code enforcement officer in two villages located within the county will have to recuse him- or herself as a member of the county planning board from voting on any matters that have been the subject of a proposal, application or vote before any body of the town and villages in which the individual serves as an official. The county legislative body may consider the frequency of such recusals in determining whether to appoint the individual to the county planning board. However, if the individual is so appointed, the individual does not need to recuse him- or herself from matters referred back to the town planning board after being reviewed by the county planning board.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
By:___________________________
DOROTHY E. HILL
Assistant Solicitor General
[1] You have advised that the title of the Director of Development position will be changed to building inspector/zoning officer/code enforcement officer. Hereinafter, we will refer to both positions as "building inspector\zoning code enforcement officer."
[2] See, e.g., Haller v. Carlson,, 42 A.D.2d 829, 829 (4th Dep't 1973) (distinguishing public officer and public employee for purposes of Public Officers Law); Op. Atty. Gen. (Inf.) No. 97-F7 (same).
[3] We have previously concluded that where a building inspector is responsible for the enforcement of regulations, he or she exercises sovereign powers of government, and is therefore a public officer under Village Law § 3-300(2). See Op. Atty. Gen. (Inf.) 95-40; seealso Op. Atty. Gen. (Inf.) No. 91-37 (town building inspector is public officer). Since you have indicated that the building inspector/code enforcement officer positions held by the individual involve enforcing applicable zoning, planning and other regulations, we conclude that the individual should be considered an appointed public official in both villages.
[4] We note that prior to the enactment of the statutory provisions precluding the disqualification of a county planning board member on the basis of dual officeholding and providing for recusal, we opined that compatibility between the positions of county planning board member and town planning board member depended on the nature of the town planning board's duties and the frequency of referrals from the local board. See
Op. Atty. Gen. (Inf.) No. 91-9, Op. Atty. Gen. (Inf.) No. 90-56, Op. Atty. Gen. (Inf.) No. 89-36.