Marcia L. LeMay, Esq. Informal Opinion Attorney for the Towns No. 2003-6 of Clifton and Fine Nash, Palm LeMay 113 Main Street P.O. Box 529 Canton, New York 13617
Dear Ms. LeMay:
You have asked whether the same person may simultaneously hold the elected office of Town of Fine Highway Superintendent and the appointed position of member of the Board of Directors of the Clifton-Fine Hospital (the "Hospital"), a public hospital established pursuant to Article 6 of the General Municipal Law, which is jointly owned by the Towns of Clifton and Fine. In a telephone conversation you advised that: the Hospital is located within the Town of Fine; the Hospital Board consists of eight members, four appointed by each town; the Highway Superintendent's contemplated appointment to the Hospital Board would be by the Town of Fine; and the Superintendent is not a member of either town's board. You have also indicated that the Hospital handles its own snow removal and similar grounds-related duties. Under these circumstances, we conclude that one person may simultaneously hold both offices.
Discussion
In the absence of a constitutional or statutory prohibition, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. See O'Malley v.Macejka, 44 N.Y.2d 530, 535 (1978); People ex rel. Ryan v. Green,58 N.Y. 295, 304-305 (1874); Matter of Dupras v. County of Clinton,213 A.D.2d 952, 953 (3d Dep't 1995). Furthermore, even if the positions are compatible, a specific situation may arise where a conflict of interest is created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter. However, if such situations will arise frequently, the positions would be inherently inconsistent.
We have not identified any per se constitutional or statutory prohibition on one person holding the offices in question.[1] Nor is one office subordinate to the other. The actions of the town superintendent of highways and member of a public hospital's board of managers are not reviewable by one another. Therefore, the key question is whether there is an inherent inconsistency between the duties of the two positions. We find none under the facts of this case.
As a general matter, the duties of the two positions are unrelated. General Municipal Law § 128 sets forth the duties of the board of managers of a public hospital, including one, as here, jointly owned by two towns. See General Municipal Law § 126-a. They concern hospital-related matters only, and include: erecting, improving, and repairing hospital buildings, id. § 128(2); providing for patient care, id. § 128(4); appointing and removing physicians,id.; and "hav[ing] the general superintendence, management and control of the said hospital and of the grounds, buildings, officers, employees and inmates thereof," id. § 128(5). Budget approval rests with the governing town boards, and, in this regard, the hospital board submits an annual report, detailing proposed expenses. See id. § 128(9). Where a public hospital is jointly owned by two towns, its expenses are ordinarily apportioned between the towns based on "the ratio of the assessed value of each . . . town . . . to the whole." Id. § 126-a. Hospital board members receive no compensation, id. § 127(3), and must meet at least once a month, id. § 128(6).
These duties do not appear to conflict with the delineated statutory duties of a town highway superintendent, who is generally responsible for the repair and maintenance of town highways and bridges. See Highway Law § 140; Town Law § 32. Highway budget approval rests with the town board, which reviews the annual estimate submitted by the superintendent. See Town Law §§ 104, 106(3) (4). The categories comprising the highway superintendent's annual budget estimate are prescribed by statute and are generally unrelated to those comprising the hospital budget. See Highway Law § 141.[2] Thus, the subject matter of the budgets will generally be unrelated. We note that the fact that one individual is responsible for submitting two budget requests that compete for limited town funds may give rise to a potential conflict. See Op. Att'y Gen. (Inf.) No. 94-43. However, inasmuch as the individual in question will be one of several members of the Hospital Board responsible for submitting the proposed hospital budget for approval by the Fine Town Board, we believe any potential conflict is mitigated in this case.
We note further that under certain circumstances the duties of the two positions could overlap. For example, although there is no statutory provision requiring a town highway superintendent to perform services respecting a town hospital's grounds, Town Law § 32(1) provides that a town board may assign the highway superintendent with "such further duties as the town board may determine not inconsistent with law." Although you have indicated that at this time the Highway Superintendent performs no hospital-related duties, additional duties conceivably could include maintaining and repairing a town hospital's parking lots, snow removal from those lots and similar services. See Op. State Compt. No. 79-367 (additional duties of repair and snow removal from town hospital parking lots may be assigned to highway superintendent if they do not conflict with his ordinary duties or are otherwise impractical). If additional duties such as these matters were assigned, the potential overlap does not appear to be inconsistent or adverse to the interests served by either position. In addition, although the cost of such further duties may possibly be chargeable to the town highway fund, seeid., initial authority to assign such duties and to approve consequent expenses rests with the town board. This too mitigates against the appearance of a conflict.
However, it is also foreseeable that matters could come before the Hospital Board that involve town highway issues, such as whether to request snow removal service or parking lot maintenance from the town. Because it could be perceived that the highway superintendent would have divided loyalties in such situations, the superintendent should recuse himself from participation in the Board's decision making on such matters to avoid a potential conflict or appearance of impropriety.
In sum, we conclude that one person may hold simultaneously the positions of town highway superintendent and member of the board of managers of a public hospital jointly owned by the same town and another town.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
By: __________________________
ANN P. ZYBERT
Assistant Solicitor General
[1] Town Law § 20(4), which prohibits one person from holding more than one "elective town office," does not apply because membership on the Hospital Board is an appointive position.
[2] Included are estimates for: highway repair and improvements, Highway Law § 141(1); bridge repair and improvements, id. § 141(2); equipment, id. § 141(3); and removal of obstructions caused by snow and other miscellaneous purposes, id. § 141(4).