Patrick M. Malgieri, Esq. Informal Opinion Counsel No. 2004-6 Hammondsport Fire District Boylan, Brown, Code, Vigdor Wilson, LLP 2400 Chase Square Rochester, New York 14604
Dear Mr. Malgieri:
In your capacity as counsel for the Hammondsport Fire District, you have asked for an opinion regarding whether the position of mayor of the Village of Hammondsport is compatible with the position of fire district commissioner of the Hammondsport Fire District ("the Fire District"), a joint fire district formed in 1980 by the Town of Urbana and the Village of Hammondsport ("the Village"). We conclude that the positions are not compatible and should not be held by the same individual.
Background
You have provided the following relevant facts concerning your inquiry: The fire commissioners of the Fire District are appointed by members of the town board and village board of trustees in joint session. All of the Village territory is included within, and thus receives fire services from, the Fire District. The Village currently provides water service to the Fire District pursuant to contract.
Statutory Framework
Article 11-A of the Town Law and Article 22-A of the Village Law govern the establishment and operation of a joint fire district[1]. The provisions of Article 11 (the article governing town fire districts) may also apply to the extent not inconsistent with the provisions of Article 11-A. See Town Law § 189-a(2)(d), (3)(d), (4)(e); id. § 189-f.
A joint fire district is a fire district established by a town and a village located in that town (or by more than one town and village) to provide fire protection services in all or a portion of contiguous territory in the municipalities. See Town Law §§ 189-a, 189-i; Village Law § 22-2210. It is established by resolution of the town board and village board of trustees, subject to permissive referendum. See Town Law §189-a(2). However, once created, it is an independent political entity serving the property and property owners included within the district.See Op. Att'y Gen. (Inf.) No. 2002-14; Op. Att'y Gen. (Inf.) No. 96-32. The affairs of a joint fire district are under the management of a board of fire commissioners, who are either appointed jointly by the town and village boards or elected by the voters in accordance with Article 11 of the Town Law, as determined at the time the fire district is established. Town Law § 189-e; see Op. Att'y Gen. (Inf.) No. 91-44.
The mayor and the trustees of the village constitute the members of the legislative body of a village, the board of trustees. Village Law §3-301(4). The mayor presides at the meetings of the board of trustees, is authorized to vote on any matters, and must vote in the case of a tie. Village Law § 4-400(1)(a); see also Op. Att'y Gen. (Inf.) No. 85-6.
Analysis
In the absence of a constitutional or statutory prohibition against dual officeholding, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between the two offices.See O'Malley v. Macejka, 44 N.Y.2d 530, 535 (1978); People ex rel. Ryanv. Green, 58 N.Y. 295, 304-05 (1874); Matter of Dupras v. County ofClinton, 213 A.D.2d 952, 953 (3d Dep't 1995).
We are not aware of any statutory provisions that prohibit one individual from serving as village mayor and as fire commissioner of a joint fire district established by the village board and serving that village. The restrictions on dual office holding by fire district officers do not bar such officers from serving as village mayor. See Town Law § 174(4). Village Law § 3-300(4) provides: "Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office." In the absence of an explicit ban, the relevant inquiry therefore is whether the duties of the two offices conflict[2].
We have previously analyzed a similar compatibility question involving the positions of town board member and fire commissioner of a fire district established by the town under Town Law Article 11; we have consistently concluded that those positions are not compatible. Op. Att'y Gen. (Inf.) No. 92-16; Op. Att'y Gen. (Inf.) No. 87-69; 1948 Op. Att'y Gen. (Inf.) 3; 1946 Op. Att'y Gen. (Inf.) 8; see also Op. Att'y Gen. (Inf.) No. 87-63 (positions of member of town board and attorney to fire district are incompatible). We found those positions incompatible because certain actions of the board of fire commissioners and town board are statutorily subject to the approval of the other body, the bodies may contract with one another for various purposes, and the town board has statutory authority to dissolve and discontinue the fire district. See
Op. Att'y Gen. (Inf.) No. 92-16; Op. Att'y Gen. (Inf.) No. 87-69; 1948 Op. Att'y Gen. (Inf.) 3; 1946 Op. Att'y Gen. (Inf.) 8. Although the statutory framework governing joint fire districts differs somewhat from the provisions governing town fire districts, for similar reasons we believe the positions of village mayor and fire commissioner of a joint fire district established by the village are incompatible[3].
Thus, for example, under the statutory framework applicable to joint fire districts, the village board of trustees (acting with the town board) is authorized to make fundamental determinations affecting the fire district, such as whether to extend the joint fire district to include other contiguous territory, Town Law § 189-a(4), and, upon the filing of a legally sufficient petition, whether to dissolve the fire district,see Town Law § 185(1),(3)[4]. Additionally, acquisitions of real property by the joint fire district are subject to the approval of the town and village boards[5]. See Town Law § 189-f.
You have also indicated that the Village supplies water to the Fire District pursuant to contract. See Village Law § 11-1124 (village water commissioners [here village board of trustees] may contract for sale of water supply with, inter alia, fire district)[6]. The village and joint fire district could potentially contract with one another for other purposes as well. See, e.g., Town Law § 189-b (village board of trustees may authorize sale of firehouse and fire equipment to joint fire district with or without consideration).
Thus, the governing statutory scheme gives the village board of trustees (together with the town board) considerable power over the existence and structure of the Fire District, and contemplates that the two entities may contract with one another for various purposes. Under these circumstances, we believe the positions are inherently inconsistent.
Notably, an individual serving on the governing boards of both entities would have divided loyalties in deliberating and acting upon matters that involve the other entity. Such divided loyalties create at least an appearance of a conflict, which we have repeatedly emphasized should be avoided to maintain public confidence in government. See, e.g., Op. Att'y Gen. (Inf.) No. 98-26; Op. Att'y Gen. (Inf.) No. 96-7; Op. Att'y Gen. (Inf.) No. 89-53. Given the fact that the village board may exercise considerable authority over the Fire District, we do not believe recusal would be an adequate remedy to avoid the appearance of a conflict: even if the mayor were to recuse himself from participating in matters before the village board involving the Fire District, the impartiality of the village board might still be questioned, especially as to matters that could have a particularly significant affect on the Fire District. See Op. Att'y Gen. (Inf.) No. 99-39 (recusal of a town board member is not an adequate remedy where the impartiality of the town board when taking actions which could affect colleague "would not be free from doubt").
In conclusion, because the statutory scheme governing joint fire districts gives the village board of trustees (acting with the town board) substantial power to fundamentally affect the existence and structure of the Fire District and to approve certain decisions of the Fire District, and also contemplates that the municipal bodies may contract for various purposes, we believe the positions of village mayor and fire commissioner of a joint fire district established by that village are incompatible and should not be held by the same individual.
The Attorney General issues formal opinions only to officers and departments of State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General In Charge of Opinions
[1] These provisions were enacted in 1988 to replace the unconsolidated law provisions that previously governed joint town-village fire districts. See Act of July 8, 1988, ch. 241, 1988 McKinney's N.Y. Laws 435 (codified at Town Law §§ 189-a to 189-i and Village Law §§ 22-2210,22-2212), repealing L. 1938, c. 595, as amended. Although your joint fire district was established under the former unconsolidated law provisions, the Town Law and Village Law provisions are now applicable to its operation and management. See Town Law § 189-a(2)(d).
[2] We note that the question presented here is different from the question whether a village mayor may serve as a fire commissioner of a village fire department, because a joint fire district is an independent political subdivision of the State, not part of the village government.Cf. Op. Att'y Gen. (Inf.) No. 99-23 (concluding that village trustee may also be appointed as member of board of fire commissioners of village fire department under Village Law § 3-300(3)).
[3] You have indicated that the fire commissioners of the Hammondsport Fire District are appointed by the town and village boards. See Town Law § 189-e (fire commissioners of joint fire district may be appointed or elected, as determined at time fire district is established). Consequently, the Whitehall doctrine, which prohibits a governing body, absent statutory authorization, from appointing one of its members to another public position, provides another potential basis for incompatibility with respect to the positions at issue here. See,_e.g., Op. Att'y Gen. (Inf.) No. 95-34 (citing Wood v. Town of Whitehall,120 Misc. 124 (Sup.Ct. 1923), aff'd 206 A.D. 786 (3d Dep't 1923)). However, because the individual in question was not a member of the village board of trustees when he was appointed to the board of fire commissioners, this policy is not implicated under the specific facts you have presented. Because fire commissioners of fire districts established by towns under Article 11 of the Town Law are elected, not appointed, our opinions addressing compatibility of town board member and town fire district commissioner did not address the Whitehall doctrine.
[4] Inasmuch as Article 11-A does not contain any provisions governing dissolution of a joint fire district, the dissolution procedure in Article 11 of the Town Law would apply. See Op. State Compt. No. 68-884.
[5] Although the town and village boards may eliminate this approval requirement by adopting a resolution at the time the joint fire district is established, see Town Law § 189-f, you have indicated that no such resolution was adopted for the Hammondsport Fire District.
[6] We understand that the Village of Hammondsport does not have a separate board of water commissioners and that the village board of trustees performs this function itself. See Village Law §§ 3-308, 3-310.