Thomas D. Mahar, Jr. Informal Opinion Town Attorney No. 2006-3 Town of Poughkeepsie Legal Department One Overocker Road Pougkeepsie, NY 12603
Dear Mr. Mahar:
You have asked whether the Town Supervisor may appoint the same person to serve as the supervisor's confidential secretary and as deputy supervisor. For the reasons that follow, we conclude that the two positions are incompatible and should not be held simultaneously by the same individual.
BACKGROUND
The Town of Poughkeepsie is a first class town with suburban town status. See Town Law art. 3-A (suburban town law). Pursuant to Town Law § 29(15), the town supervisor of a first class town may designate a bookkeeper or confidential secretary, or both.[1] The person designated by the supervisor as bookkeeper or confidential secretary receives compensation for his services, which is fixed by the town board and is considered a town charge. Town Law § 29(15). You have indicated that in the Town of Poughkeepsie the position of confidential secretary to the supervisor is a full-time position funded by the Town. The duties of this position generally involve the performance of administrative duties as directed by the supervisor.
The town board of any town may establish the office of deputy supervisor. Town Law § 42. The deputy supervisor is appointed by the supervisor and serves at her pleasure. Id. The town board has authority to appoint a deputy if the supervisor fails to appoint one within five days after the office is established or within five days after a vacancy is created. Id. "During the absence or inability to act of the supervisor, or while the office of supervisor is vacant," the deputy supervisor presides at meetings of the town board when present and is vested with all of the powers of the supervisor and may perform all of the statutory duties of the supervisor, except that he has no vote in his capacity as deputy supervisor on matters before the town board and does not serve as a member of the county board of supervisors. Id. If the office of supervisor becomes vacant, the deputy supervisor in office continues to serve until the deputy's successor is appointed. Id.
"Any person, including a town officer, official or employee, may be appointed deputy supervisor, provided that the person appointed shall possess the same qualifications as an elective town officer." Id. The town board determines the compensation for this position, which may be in addition to any other compensation the individual may receive as a town officer, town official or town employee. Id. The Town of Poughkeepsie has created the position of deputy supervisor to act in the periodic absence of the supervisor. You have indicated that the deputy supervisor does not have any other duties. Your question is whether the supervisor may appoint the same individual to serve as her confidential secretary and as deputy supervisor.
ANALYSIS
In the absence of a constitutional or statutory prohibition, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. See O'Malley v. Macejka, 44 N.Y.2d 530, 535
(1978); People ex rel. Ryan v. Green, 58 N.Y. 295, 304-305
(1874); Matter of Dupras v. County of Clinton, 213 A.D.2d 952,953 (3d Dep't 1995). Although in other contexts the differences between a public office and a position of employment may be significant, the common law rules regarding dual officeholding apply equally to an office, which generally involves the exercise of sovereign authority and discretion,[2] and a position of employment. See Matter of Dupras, 213 A.D.2d at 953.
We are not aware of any statutory or constitutional provisions that prohibit one individual from serving as confidential assistant to the supervisor and deputy supervisor. Cf. Town Law § 20(4) ("[n]o person shall be eligible to hold more than one elective town office"). The statute governing the position of deputy supervisor requires only that the person appointed to this position possess the same qualifications as an elective town officer, i.e., that the person be at least 18 years of age, a citizen of the United States, and a resident of the State and of the town, see Op. Att'y Gen. (Inf.) No. 2000-5 (citing Public Officers Law § 3 and Town Law § 23). Additionally, the statute specifically contemplates that the deputy supervisor may hold another town office or position of employment. See Town Law § 42 ("Any person, including a town officer, official or employee, may be appointed deputy supervisor. . . . [and his compensation for the position] may be in addition to any other compensation he may receive as a town officer, town official or town employee."). The legislative history to Town Law § 42 is silent with respect to the Legislature's intention in authorizing the appointment of "any person." We have previously concluded that this language should not be used to authorize the appointment of an town officer or employee as deputy supervisor if the two positions are otherwise incompatible. See Op. Att'y Gen. (Inf.) No. 86-30 (same individual should not serve as deputy supervisor and town clerk because this would erode system of fiscal checks and balances); see also Op. Att'y Gen. (Inf.) No. 2000-11 (stating that reference to appointment of "any person" in Town Law § 42
"cannot be construed to mean `any person' without limitation" and concluding that independent contractor who defends town in real property tax certiorari proceedings would have prohibited conflict of interest if he served as deputy supervisor). Thus, the issue is whether the positions may be held by one person under the common law standards of compatibility of office.
The duties of the two positions are compatible and do not conflict. The confidential secretary serves as assistant to the supervisor and is thus involved in the same matters, and for the same purposes, as the supervisor. Indeed, if the supervisor did not designate a confidential secretary, she could be performing the secretary's functions herself. See Op. State Compt. No. 873-8 (in setting salary for supervisor, town board may take into consideration fact that supervisor has not designated a separate bookkeeper and will be performing functions of the position himself). However, we believe that the positions are incompatible for another reason. When exercising the duties of deputy supervisor, the individual will be in a direct supervisory role with respect to the confidential secretary. Two positions are incompatible when one position is subordinate to the other. SeeDupras v. County of Clinton, 213 A.D.2d 952, 953 (3d Dep't 1995) ("Incompatibility exists when one office is subordinate to the other or subject to audit or review by the second.").
Unlike most town officials and employees who are subject to the supervision and control of the town board,[3] the secretary is appointed and directly supervised by the supervisor and serves at her pleasure. Thus, when the deputy supervisor is performing the duties of the supervisor during the supervisor's absence or inability to serve, or when there is a vacancy in that position, he will be the sole supervisor of himself as confidential secretary and he alone will be answerable for the performance of his duties as secretary and for the salary allocated for that position. For example, the individual would be responsible for determining his own working hours and work schedule as secretary and for the accuracy of his time sheets.
Further, the individual, while performing the duties of deputy supervisor, would be without direct supervision and accountability. That is, while the supervisor, who is elected, is answerable to the electors of the town, the deputy supervisor is answerable only to the official who has appointed him — who generally will be, and in this case is, the supervisor, who necessarily will be unavailable or absent when the deputy is serving in that role. Although this lack of accountability flows from the nature of the deputy supervisor position, see Town Law § 42, the Legislature has not provided for such lack of accountability with respect to other positions that the deputy supervisor may hold. For all of these reasons, we find that having one person serving in both roles creates a potential conflict that could erode the public's confidence in the town government and thus renders the positions incompatible.[4]
The fact that the deputy will serve in that role only during the supervisor's absence or inability to act, or during a vacancy in that office, does not obviate the conflict. As we have previously noted, service as a deputy supervisor can last for an extended period of time. See Op. Att'y Gen. (Inf.) No. 2000-11.
We are aware of the apparent efficiency in having the supervisor's confidential assistant serve as the deputy supervisor — the confidential assistant is likely to be familiar with most aspects of the supervisor's duties which would allow him more easily to fulfill the supervisor's functions. However, on balance, we believe that the potential conflict and appearance of impropriety created by the direct supervisory relationship between these two positions outweighs the usefulness of this arrangement. We note that a common arrangement is to have another member of the town board serve as deputy supervisor, which would serve the statutory purpose of providing for continuity in government while avoiding this conflict.[5] See Op. Att'y Gen. (Inf.) No. 2000-11.
CONCLUSION
One person should not simultaneously serve as deputy supervisor and as confidential secretary to the supervisor.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER Assistant Attorney General In Charge of Opinions
[1] In second class towns, the town board must first authorize the supervisor to designate a bookkeeper or secretary. Town Law § 29(15).
[2] See, e.g., Haller v. Carlson, 42 A.D.2d 829, 829
(4th Dep't 1973) (distinguishing public officer and public employee for purposes of Public Officers Law); Op. Atty. Gen. (Inf.) No. 97-F7 (same).
[3] See Town Law § 20(1)(a) ("All other officers and employees in such town shall be appointed by the town board, except as otherwise provided by law.")
[4] When performing the duties of supervisor, the deputy will be presiding at town board meetings and, although he will have no vote on matters coming before the board, will in a limited function serve as a member of the town board. Ordinarily, a member of the town board should not also serve as an officer or employee of the town because officers and employees are under the supervision and control of the town board or at least their compensation is fixed by the board. See, e.g., Op. Att'y Gen. (Inf.) 90-56; Op. Att'y Gen. (Inf.) No. 88-4 (one person may not simultaneously hold positions of bookkeeper/secretary to supervisor and town councilperson). However, the supervisory relationship that exists because of the deputy's limited role on the town board would exist between the positions of deputy supervisor and any town officer or employee and would therefore render meaningless the Legislature's intention that a town officer or employee may serve as deputy supervisor. Moreover, the deputy would not have a vote on the town board and thus would not be able to vote on matters affecting his own position of employment. Thus, we do not believe the deputy supervisor's limited role on the town board creates a prohibited conflict between the positions.
[5] In providing that the deputy shall have no vote on the town board "in his capacity as deputy supervisor," see Town Law § 42, the statute implies that the deputy may have a vote on the town board in his capacity as board member, and thus evidences a legislative intent that a town board member may be appointed deputy supervisor. See Op. State Compt. No. 91-53 (town board member may be appointed deputy supervisor).