Informal Opinion No. 2011-2 Richard J. Graham County Attorney Lewis County
7660 North State Street Lowville, New York 13367
Dear Mr. Graham:
You have requested an opinion relating to filling the position of deputy coroner. You have explained that, pursuant to County Law § 400(3-a), the District Attorney in Lewis County also serves as the coroner for the County. The District Attorney of Lewis County would like to appoint as her deputy the current Emergency Medical Services Coordinator (EMS Coordinator), who is not a physician. You have asked whether current law permits such an appointment to either the position of Deputy Coroner or to a position, to be created, of "Medical Investigator." As explained below, we are of the opinion that such an appointment is not permissible.
Analysis
The County Law provides, as a general matter, that each county must have, for the purpose of investigating certain enumerated types of deaths, either an elected coroner (or coroners) or a medical examiner appointed by the county legislature. County Law § 400(1), (2),(4-a). A medical examiner must be a physician licensed in New York.Id. § 400(4-a). A coroner must either be a physician licensed in New York, or be assisted in specified respects by a "coroner's physician," who must be a physician licensed in New York, see
County Law § 400(4-b); id. § 671(1); see also
1962 Op. Att'y Gen. (Inf.) 176 (board of supervisors must appoint duly licensed physician if coroner is not so licensed), appointed by the county legislature. Id. § 400(4-b); Id. § 673(2).
The coroner, assisted where necessary by the coroner's physician, or the medical examiner, investigates every death within the County that is or appears to be (1) a violent death, whether by criminal violence, suicide, or casualty; (2) a death *Page 2 
caused by unlawful act or criminal neglect; (3) a death occurring in a suspicious, unusual or unexplained manner; (4) a death caused by a suspected criminal abortion; (5) a death while unattended by a physician, so far as can be discovered, or where no physician able to certify the cause of death can be found; and (6) a death of a person confined in a public institution other than a hospital, infirmary, or nursing home. County Law § 673. The coroner, assisted where necessary by the coroner's physician, or the medical examiner also investigates all deaths of inmates of correctional facilities within the County, whether or not the death occurred inside the facility.Id. § 671(1)(b).
The general legislative scheme described above is slightly different with respect to the coroner in Lewis County. In 1959, the Legislature abolished the office of coroner in Lewis County and transferred its powers and duties to the office of the District Attorney. Act of Apr. 20, 1959, ch. 536, §§ 2, 3, 1959 N.Y. Laws 1356, 1356-57, codified in part at County Law § 400(3-a). The intent of this provision specific to Lewis County was to allow the District Attorney, in her capacity as coroner, to call a physician in the locality in which a death needing investigation was discovered and to appoint that doctor a coroner's physician for the duration of the single investigation. Letter from Sanford N. Egloff, County Attorney, to Roswell B. Perkins, Executive Chamber (Feb. 27, 1959), reprinted in Bill Jacket for ch. 536 (1959), at 22. This would eliminate the need to find a single licensed physician willing to commit to perform all duties of the office of coroner (with its relatively low pay), the related necessary travel, and the resulting time away from his or her private practice.Id.
This legislative history demonstrates that in enacting the provisions specific to Lewis County, the Legislature intended that a non-physician district attorney serving as coroner would be assisted by a New York-licensed physician, just as a lay coroner in any other county must be assisted by a licensed physician.
You have asked whether the District Attorney may appoint as deputy coroner the EMS Coordinator, who is not a physician. We believe she may not, for two independent reasons.
First, you have advised that the EMS Coordinator is not a physician, and for that reason he is not eligible for the position of deputy coroner in a county where the coroner is not a licensed physician. The governing statutory framework clearly contemplates a licensed physician either serving in the role of coroner or medical examiner or assisting the non-physician coroner to jointly fulfill the obligations of the position. Indeed, we have previously concluded that the duty to "take charge of" a dead body imposed by County Law § 674 could not be delegated by a medical examiner to a licensed physician's assistant because section 674 was added *Page 3 
"precisely for the purpose of ensuring that these specific duties be carried out only by licensed physicians."[1] Op. Att'y Gen. (Inf.) No. 83-30. We therefore believe that a licensed physician must be appointed to the deputy coroner position in Lewis County unless the District Attorney/coroner is a licensed physician. Consequently we are of the opinion that the non-physician EMS Coordinator is not eligible for appointment as deputy coroner.
Second, even if the EMS Coordinator were a physician licensed in New York, we are of the opinion that he would not be able to serve simultaneously as EMS Coordinator and deputy coroner because the two positions are incompatible.
In the absence of a constitutional or statutory prohibition against dual office-holding, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or there is an inherent inconsistency between the two offices. See O'Malley v. Macejka,44 N.Y.2d 530, 535 (1978); People ex rel. Ryan v. Green,58 N.Y. 295, 304-05 (1874); Matter of Dupras v. County ofClinton, 213 A.D.2d 952, 953 (3d Dep't 1995). This common law principle applies not only to public offices, which are generally positions that involve the exercise of sovereign authority and discretion, [2] but also to positions of employment. SeeMatter of Dupras v. County of Clinton, 213 A.D.2d at 953.
The positions of Deputy Coroner and EMS Coordinator are incompatible for the simple reason that the Deputy Coroner must sometimes review the work of the EMS Coordinator. You have explained that the EMS Coordinator is a credentialed emergency medical technician (EMT) responsible for coordinating and providing training to EMTs within the County. You have advised that the EMT Coordinator attends many, if not all, emergency medical calls, and while present oversees the provision of emergency medical services and coordinates those services with other emergency services at the site. He also is responsible for providing emergency medical assistance, such as CPR and basic and advanced life support, as needed at an emergency call.
Emergency medical calls not infrequently result in deaths that must be examined by the coroner and her deputy. Where the EMS Coordinator has either directly provided emergency medical care or overseen and coordinated the provision *Page 4 
of such medical services or trained the EMTs who provided the services, the coroner and his deputy will be in the position of investigating or reviewing the work of the EMS Coordinator. This renders the two positions incompatible. See Op. Att'y Gen. (Inf.) No. 2000-20 (one person cannot simultaneously serve as fire marshal and fire chief because duties of fire marshal include investigating or reviewing actions taken by fire chief); Op. Att'y Gen. (Inf.) No. 98-44 (positions of fire investigator and building code enforcement officer are incompatible because fire investigator, when investigating a fire, is empowered to review decision of code enforcement officer to issue occupancy permit).
You have suggested that the problem of finding a coroner's physician might be avoided by creating the position of Medical Investigator and appointing the EMS Coordinator to that position. Appointing the EMS Coordinator to the position of Medical Investigator would not, however, eliminate the requirement of a coroner's physician when the coroner is not a duly licensed physician. Additionally, the EMS Coordinator would still have a conflict of interest if he, as Medical Investigator, were to review or investigate the work he did as EMS Coordinator.
In summary, we conclude that the EMS Coordinator cannot serve either as deputy coroner or as Medical Investigator.
You have explained that it has been difficult to find a physician to serve as deputy coroner. One possible solution to this problem would be for the District Attorney to "employ and designate," as needed, a qualified physician in a community in which a death occurs that is subject to investigation by the coroner.[3] See County Law § 674(1) (if no coroner's physician is available to assist a lay coroner with taking charge of a dead body, the coroner shall employ and designate a physician qualified to make post-mortem examinations and dissections and to testify thereon; that physician shall be deemed a coroner's physician for the purpose of the investigation); Letter from Sanford N. Egloff, County Attorney, to Roswell B. Perkins, Executive Chamber (Feb. 27, 1959), reprinted in Bill Jacket for ch. 536 (1959), at 22 ("Under the proposed legislation, the District Attorney would be brought on the scene in the first instance, could appoint a Coroner's physician in the locality of the scene, and conduct the inquest himself."). The County can also seek special legislation from the State that would authorize an alternative to the scheme found in County Law article 17-A. *Page 5 
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General in Charge of Opinions
[1] The conclusion in Op. Att'y Gen. (Inf.) No. 83-30 would preclude the appointment of the proposed "Medical Investigator," whose duties, according to the job description you enclosed, include taking official possession of dead bodies.
[2] See, e.g., Haller v. Carlson,42 A.D.2d 829, 829 (4th Dep't 1973) (distinguishing public officer and public employee for purposes of Public Officers Law); Op. Att'y Gen. No. 97-F7 (same).
[3] In some instances, the District Attorney may be authorized to "take charge of, remove and transport" a body without first notifying and designating a coroner's physician; she must, however, notify and designate a coroner's physician to act with her within 24 hours. County Law § 674(1). *Page 1